ST. ANDREWS PARISH, Landlord, Respondent, v. JOSEPH GALLAGHER, Tenant, Appellant.

Supreme Court, Appellate Term, Second Department, June, 1923.

Landlord and tenant — city of New York — summary proceedings — tenant may not waive benefits of Emergency Rent Laws — public policy.

The preservation of the home is essential to the public welfare.

There are exceptions to the general rule that parties may waive their rights whether secured by contract, conferred by statute or guaranteed by the Constitution.

The provisions of section 7, chapter 137, Laws of 1920, as amended by chapter 948 of the Laws of 1920, do not apply to the city of New York.

In October, 1922, respondent leased to appellant a dwelling house in the city of New York for a term ending April 30, 1923. By the terms of the lease the tenant expressly agreed to vacate the premises at the expiration of the term and not to claim any right of holdover or continued occupancy under the Emergency Rent Laws. The tenant refused to vacate at the expiration of the lease and the landlord in a summary proceeding was awarded possession. *Held*, that the agreement by the tenant to waive the benefits granted by the Emergency Rent Laws was against public policy and unenforcible, and the final order in favor of the landlord is reversed and final order is directed in favor of the tenant dismissing the petition of the landlord.

APPEAL by the tenant from a final order in a summary proceeding awarding possession of premises to the landlord.

*Carl D. Isaacs*, for tenant, appellant.

*John G. Clark*, for landlord, respondent.

CROPSEY, J. In October, 1922, the tenant leased a dwelling house for a term ending April 30, 1923. In the lease it was expressly provided that the tenant would vacate the premises at the expiration of the term and that he would not have or claim any right of holdover or continued occupancy by reason of the provisions of the so-called Emergency Rent Laws, or otherwise. Not having vacated when the term expired this proceeding was commenced. The sole question presented for review is whether the agreement of the tenant to waive the benefits granted by the Rent Laws is enforcible.

The court below gave judgment for the landlord holding the agreement was enforcible, saying there was no provision of statute to the contrary.

Section 7 of chapter 137 of the Laws of 1920, which is one of the original Emergency Rent Laws, so called, provided that any agreement in a lease waiving any provision of the act would be void as being against public policy. This chapter, however, was amended

by chapter 948 of the Laws of 1920, and by such amendment its provisions were made applicable only to cities of the first class which contained one million inhabitants or less. Thus, this amended statute does not apply to the city of New York. No other statutory provision on this subject has been brought to our attention, nor do we know of any. Hence, if the question were to be determined merely upon the existence of a statute making such an agreement void, the decision below could not be disturbed.

We think, however, although there is no statutory provision making such an agreement void, it is, nevertheless, unenforcible, because it is against public policy.

The general rule is that parties may waive their rights, whether secured by contract, conferred by statute, or guaranteed by the Constitution. *Matter of Application of Cooper*, 93 N. Y. 507, 512; *Mayor, etc., of New York* v. *M. R. Co.*, 143 id. 1, 26; *People ex rel. McLaughlin* v. *Police Comrs.*, 174 id. 450, 456. This rule, however, is subject to some generally recognized exceptions. The cases point out the distinction that exists between the waiver of an existing right, that is, of what might be called an executed waiver, and the giving of an agreement to waive some right which may arise in the future — a mere executory agreement. In the latter class of cases if such an agreement involves a question of public policy or public morals (*Sentenis* v. *Ladew*, 140 N. Y. 463, 466; *Musco* v. *United Surety Co.*, 196 id. 459, 464; *Sullivan* v. *Hudson Navigation Co.*, 182 App. Div. 152, 157), or if it undertakes to stipulate that facts which the law declares establish a certain relation do not establish that relation, but the opposite (*Sternaman* v. *Metropolitan Life Ins. Co.*, 170 N. Y. 13, 19), it is void.

Hence agreements to waive the protection of the statute exempting certain property from execution are unenforcible as they are against public policy. *Crawford* v. *Lockwood*, 9 How. Pr. 547; *Kneettle* v. *Newcomb*, 22 N. Y. 249. In the last case cited the court said (p. 250): "The statutes which allow a debtor, being a householder and having a family for which he provides, to retain, as against the legal remedies of his creditors, certain articles of prime necessity, to a limited amount, are based upon views of policy and humanity, which would be frustrated if an agreement like that contained in these notes, entered into in connection with the principal contract, could be sustained." And at page 251: "Ordinarily, men are held to their executory so well as their executed contracts; but, in a few exceptional cases, where the temptation is great or the consequences peculiarly inconvenient, parties are not allowed to make valid prospective agreements. The present is, in my opinion, one of those cases." And further (p. 252): "One

Misc. 167]        Appellate Term, Second Department, June, 1923.

object of municipal law is to promote the general welfare of society. The exemption laws seek to accomplish this, by taking from the head of a family the power to deprive it of certain property by contracting debts which shall enable the creditors to take such property on execution. The parties to this contract sought to set aside those laws, so far as this debt was concerned. This they could not do."

A similar ruling prevails where an employee agrees with his employer to relieve him from liability for any injuries the employee may receive through the other's negligence. Such agreements are held to be against public policy. *Johnston* v. *Fargo,* 184 N. Y. 379, 384, 385. An agreement made at the time of incurring an indebtedness that the debtor will waive the Statute of Limitations is unenforcible. *Shapley* v. *Abbott,* 42 N. Y. 443, 452. But if such agreement is made after the indebtedness is due, and for a valid consideration, it is good. *Watertown National Bank* v. *Bagley,* 134 App. Div. 831. It was also plainly indicated in the *Shapley* case that if the owner of land made a verbal contract to sell it and agreed not to plead the Statute of Frauds in any action that might be brought to enforce it, the latter agreement would be void. See pp. 451, 452. It has likewise been indicated in other cases that agreements not to plead the defense of usury, or to waive the provision against imprisonment for debt, or not to apply for a discharge under insolvency laws, or to waive the right to redeem property after sale upon execution, are against public policy, and hence cannot be enforced.

There is also another line of cases dealing with the provisions of the Personal Property Law relative to conditional sales. Those provide that if the buyer does not pay as agreed, the seller may retake the goods, but, if so, must hold them for a stated time, and then sell them in a specified manner. If at the time such goods are purchased, the buyer agrees to waive any of the provisions of the statute, or agrees that the seller may dispose of the property otherwise than as the statute prescribes, such agreements are not valid. For some time the courts of this state did not flatly so hold, although strongly intimating that such should be the ruling. *Hurley* v. *Allman Gas Engine & Machine Co.,* 144 App. Div. 300; *Roach* v. *Curtis,* 115 id. 765; affd., 191 N. Y. 387, 391. But later, the Court of Appeals settled the law to be as indicated. *Crowe* v. *Liquid Carbonic Co.,* 208 N. Y. 396, 402, 403. The case of *Warner* v. *Zuechel,* 19 App. Div. 494, cited by respondent, must be deemed to be overruled.

Though an agreement to waive the provisions of the Personal Property Law made at the time of the purchase of goods is invalid,

the purchaser may by a new agreement made after his default waive such provisions and such agreement is valid. *Seeley* v. *Prentiss Tool & Supply Co.*, 158 App. Div. 853; affd., 216 N. Y. 687. A mere waiver, though given after the buyer is in default, but which is not a part of a new contract and for which no new consideration is given, is void. *Adler* v. *Weis & Fisher Co.*, 218 N. Y. 295, 300; *McDougall* v. *Shoemaker*, 202 App. Div. 273, 277.

If it is against public policy to permit a person to agree to waive his right to have certain property exempt from execution, or to agree to waive his rights under the laws regulating conditional bills of sale, or his right to damages for personal injuries occasioned by his employer's negligence, we think it must follow that it is against public policy to permit a tenant at the time of taking a lease to agree to waive the benefits given by the so-called Emergency Rent Laws. The state is interested in the welfare of its inhabitants. The preservation of the home is essential to the public welfare. The legislature recognizing this, and that an emergency existed, has enacted certain provisions for the protection of tenants. These provisions, this court held, applied equally to those who became tenants after their enactment and to those who were tenants at that time. *Marion* v. *Weiser*, 119 Misc. Rep. 412. Since that holding the legislature has by amendment expressly so provided. Laws of 1923, chap. 892. If tenants who are obliged to seek new homes could obtain them only upon condition that they would agree to waive the benefits of these acts, the statutes, to a considerable extent, would be effectually nullified. To give tenants the full benefit of these laws they must be protected against the acts of over-reaching landlords who seek to nullify the statutes by requiring tenants who are forced to make new leases to agree to waive their provisions.

Final order unanimously reversed upon the law, with fifty dollars costs to appellant, and final order directed in favor of the tenant dismissing the landlord's petition.

FABER and LAZANSKY, JJ., concur.

Order reversed.