[No. 23163.   Department Two.   May 4, 1931.]

MOTOR CONTRACT COMPANY, *Respondent,* v. W. M. VAN DER VOLGEN, *Appellant.*[1]

*Warren Hardy,* for appellant.
*Henry Clay Agnew,* for respondent.

MILLARD, J.—Alleging the defendant refused to pay two overdue installments on an automobile, and that

[1] Reported in 298 Pac. 705.

the plaintiff elected to declare all amounts paid thereon forfeited, the plaintiff finance company commenced this action to obtain possession of the automobile, and to recover the costs of the action and the sum of one hundred dollars as a reasonable attorney's fee. It appears from the allegations of the complaint that the plaintiff, a finance company doing business in the state of Washington, purchased, for value, from the vendor the conditional sales contract on which the Guaranteed Used Car Company sold an automobile to the defendant; that the contract is in the usual form, except for two additional provisions therein reading as follows:

"It is agreed by the purchaser herein that the extension of credit by this contract is only made possible by making this contract a negotiable contract, so that it may be sold by the vendor upon the market, and in consideration of the extension of credit herein, the purchaser hereby waives all counter-claims or claims for recoupment or any and other claims of any kind not appearing upon the face of this contract, or for misrepresentation or otherwise, as against any assignee for value, and the purchaser further agrees that as against any assignee for value this contract shall be construed as a negotiable instrument, and as an absolute and unconditional promise to pay the sums above specified, and all defenses not appearing on the face of the instrument are waived as against the vendor herein.

"The purchaser further agrees that in event any action is brought against the purchaser herein to replevin the automobile mentioned in this contract, because of the refusal of the purchaser to deliver the possession upon legal demand being made, that in any such action the holder of this contract shall recover in addition to the costs and disbursements of the same, a reasonable attorney's fee to be fixed by the court."

The defendant admitted the contract, that it was purchased for value by the plaintiff, and that he failed to make the payments due on the automobile, but set

up two counterclaims. As a first counterclaim, the defendant alleged that the agreed purchase price of the automobile was three hundred dollars, "and that the sum of $120 was added to said contract as interest, and constituted usury to said amount." As a second counterclaim, the defendant alleged that the vendor misrepresented that the car was in a first-class mechanical condition; that the condition of the car was such as to necessitate repairs costing the defendant two hundred dollars.

Plaintiff's demurrer to the counterclaim was sustained and, the defendant refusing to plead further, the plaintiff was adjudged entitled to possession of the automobile, and to recover costs and an attorney's fee of one hundred dollars. From that judgment, the defendant has appealed.

Appellant contends that the agreement contravenes public policy, as it allows a vendor to contract for the payment of usury or employ fraudulent practices, and to sell his illegal contract free of these defenses; that, although admitting in this replevin action one hundred dollars is a reasonable attorney's fee, the court had no right to impose any fee; that the respondent, having cancelled the contract and forfeited all of the rights of the appellant thereunder, is precluded, as the contract no longer exists, from resorting to any provision of that contract to derive any benefit therefrom.

■ In the absence of the above-quoted provisions, the contract in question would not be a negotiable instrument, and, under the provisions of Rem. Comp. Stat., § 266, reading as follows, the appellant could have set off his demands against the respondent, and the demurrer to his counterclaims should not have been sustained:

"The defendant in a civil action upon a contract expressed or implied, may set off any demand of a like

nature against the plaintiff in interest, which existed and belonged to him at the time of the commencement of the suit. And in all such actions, other than upon a negotiable promissory note or bill of exchange, negotiated in good faith and without notice before due, which has been assigned to the plaintiff he may also set off a demand of a like nature existing against the person to whom he was originally liable, or any assignee prior to the plaintiff, of such contract, provided such demand existed at the time of the assignment thereof, and belonging to the defendant in good faith, before notice of such assignment, and was such a demand as might have been set off against such person to whom he was originally liable, or such assignee while the contract belonged to him.''

''Further, the defense here offered is, more strictly speaking, what is known to the common law as recoupment, which means the keeping back or stopping something which is otherwise due because the other party to the contract has violated some duty devolving upon him in the same transaction. See 24 R. C. L., 793. Since what was assigned was a chose in action only, and not in any sense protected by the negotiable instrument law, the assignee stands in the shoes of his assignor.'' *Nelson Co. v. Goodrich,* 159 Wash. 189, 292 Pac. 406.

Does the provision that ''this contract shall be construed as a negotiable instrument, and as an absolute and unconditional promise to pay the sums above specified, and all defenses not appearing on the face of the instrument are waived as against such assignee,'' change the character of the conditional sales contract, and bring it within the protection of the negotiable instruments act?

If the contract has become a negotiable instrument, then, as against the respondent, which is conceded to be a bona fide holder, the defenses of fraud in the inducement and illegality, such as usury, are not available to the appellant.

The negotiable instruments act (Rem. Comp. Stat., §§ 3392 *et seq.)* expressly provides that the only instruments that are negotiable are those complying with the requirements of the statute. The instrument in the case at bar is a contract whereby the appellant maker promised to do many things other than the payment of a sum certain in money, hence is not a negotiable instrument.

■ Parties may incorporate in their contracts any provisions that are not illegal or violative of public policy.

"At the time of the sale, the parties had a right to place in the contract any terms or conditions which were not unlawful or against public policy." *Lundberg v. Switzer,* 146 Wash. 416, 263 Pac. 178.

Is the provision of which appellant complains in contravention of the public policy of this state?

The negotiable instruments act (Rem. Comp. Stat., §§ 3392 *et seq.)* defines what instruments are negotiable. The usury act (Rem. Comp. Stat., § 7304) provides that, if a greater rate of interest than is legal shall be contracted for or received, the contract is not void, but if an action is brought on that contract, and proof be made that a rate in excess of the legal rate of interest has been exacted, the plaintiff shall only recover the principal, less the amount of interest accruing thereon at the rate for which the parties contracted; and, if interest shall have been paid, the judgment shall be for the principal sum less twice the amount of interest paid, and less the amount of all accrued and unpaid interest.

That is a declaration of public policy. Usurious contracts are not by the statute made void. However, the statute penalizes one exacting interest at a higher rate than the statute permits. The statute was passed in the interest of the public, to protect persons against

exactions to which they might be subjected because of their necessities.

"Whether a contract is against public policy is a question of law for the court to determine from all the circumstances of each case. It is clearly to the interest of the public that persons should not be unnecessarily restricted in their freedom to make their own contracts; and therefore agreements are not to be held void as being contrary to public policy unless they are clearly contrary to what the legislature or judicial decision has declared to be the public policy or they manifestly tend to injure the public in some way. On the other hand the interests of the public do require that there shall be some restrictions on the freedom of persons to enter into contracts; and if an agreement binds a party to do or not to do anything, the doing or omission of which is manifestly injurious to the public interests, the courts must declare it contrary to public policy and therefore illegal and void." 13 C. J., p. 427, § 366.

A provision in a contract, such as the one in the case at bar, to render such instrument negotiable, and thus cut off the defenses of fraud and usury, violates the public policy of the state. To recognize as valid such an agreement would be to nullify the object not only of the negotiable instruments act but also the purpose of the usury law.

While, generally, parties may waive their contractual or statutory rights by an agreement to waive, yet an agreement to waive rights involving a question of public policy is void. An agreement that facts which the law declares establish a certain relation, do not establish that relation, is void. *St. Andrews Parish v. Gallagher,* 121 Misc. Rep. 167, 200 N. Y. Supp. 590.

"Statutes are often passed to protect persons against the effects of certain types of contract. The purpose of such statutes would be defeated if their effect could be avoided by contract; and, accordingly it is held that if such is the legislative intent, covenants

attempting to avoid the provisions of such statutes are void.'' Page on the Law of Contracts, p. 1263, § 730.

The effect of the provision of which appellant complains is that the appellant bound himself not to assert a right which the law gives him on reasons of public policy, therefore the provision is void. While the appellant may decline to take advantage of a privilege given to him by the statute—the defense of usury—he may not bind himself by contract that he will not avail himself of a right which the law has allowed to him on grounds of public policy.

The stipulation for the payment of a reasonable attorney's fee in case the vendor or its successor in interest, on default in payments by the vendee, brought an action in replevin for repossession of the automobile, is valid. The action which the respondent was compelled to bring was not to collect any part of the purchase price. The appellant agreed that, if he breached the contract and necessitated suit to regain possession of the car, and the contract was forfeited, he would pay a reasonable attorney's fee as a penalty for his breach. Such stipulation is not void as against public policy of this state.

The judgment is reversed, and the cause remanded with directions to overrule the demurrer.

TOLMAN, C. J., FULLERTON, BEALS, and BEELER, JJ., concur.