[No. 33278.    Department Two.    September 15, 1955.]

MICHAEL DUANE MAIL, *a Minor, by Mildred Mail, his Guardian ad Litem, et al., Appellants,* v. M. R. SMITH LUMBER & SHINGLE COMPANY, *Respondent.*[1]

[1]Reported in 287 P. (2d) 877.

*W. J. Murphy* and *O. M. Nelson*, for appellants.

*Lester T. Parker*, for respondent.

FINLEY, J.—This is an action to recover damages for personal injuries sustained by a child three years of age while he was playing with *pike poles on a walkway of defendant's millpond*. The complaint is based on the doctrine of attractive nuisance. The trial court sustained a demurrer to the plaintiffs' amended complaint and entered judgment dismissing the action.

The defendant lumber mill maintained on its premises an artificial open millpond. It was unguarded and without warning signs at the time the minor child was injured. On the bank of the pond, there was a deck from which a walkway extended to the opposite side of the pond. It was upon this walkway that the poles were lying at the time the minor child was injured. The poles were used by mill employees for the purpose of moving, sorting, storing, or handling logs. Each pole had a sharp point at one end. They are further described as being made of light weight metal and of bright color.

It is alleged that children living in the neighborhood, including the minor plaintiff, were permitted to play around the millpond and the walkway, with the full knowledge and consent of the defendant. While he was playing on the walkway on the afternoon in question, the minor child was struck in his left eye by one of the pike poles in such a manner as to cause the loss thereof. It does not appear in plaintiffs' complaint just how the injury occurred.

This court has held that the maintenance of a millpond which is not protected or guarded is not an attractive nuisance. *Smith v. McGoldrick Lbr. Co.*, 124 Wash. 363, 214 Pac. 819. Therefore, if the plaintiff is to prevail, it must be on the theory that an ordinary pike pole such as the one in the present case constitues an attractive nuisance. This is the only issue presented by this appeal.

■ The general rule is that a private landowner owes no duty to a trespasser, except to refrain from causing willful or wanton injury to him. However, concern for the welfare and safety of children has led to the development of the attractive nuisance doctrine. It is said to be a special exception to the above-mentioned general rule. Referring to the attractive nuisance doctrine, this court said in *Barnhart v. Chicago, M. & St. P. R. Co.*, 89 Wash 304, 306, 154 Pac. 441:

"An exception to this general rule is made by what is known as the doctrine of the turntable cases. According to this doctrine, damages may be recovered from the owner for the death or injury of a child of tender years even though technically a trespasser, and who has been attracted to the place of the accident by a dangerous agency which is in the nature of an attractive nuisance."

■ The elements which must be present for the attractive nuisance doctrine to be applicable to a given case are set out in *Schock v. Ringling Bros. etc.* 5 Wn. (2d) 599, 616, 105 P. (2d) 838. The first element is characterized as follows:

"(1) the instrumentality or condition must be dangerous in itself, that is, it must be an agency which is likely to, or probably will, result in injury to those attracted by, and coming in contact with, it."

We are convinced that it cannot be said that an ordinary pike pole is, in and of itself, such a dangerous instrumentality as is indicated by the above language from the *Ringling Bros.* case. As was said in the case of *Anderson v. Reeder*, 42 Wn. (2d) 45, 48, 253 P. (2d) 423, where a three-year-old boy was injured when his hand was caught in the wringer of a washing machine which he had in some way set in motion:

"A washing machine with a wringer attachment is not, of itself, a dangerous instrumentality. It took a combination of all of the intervening factors which this ingenious youngster brought into play to cause the accident."

■ The tendency of those courts which have accepted the doctrine of attractive nuisance is to limit its application

rather than to extend it to include things which are not naturally or inherently dangerous, such as simple tools and appliances used in the ordinary conduct of business or other everyday affairs. An ordinary stick or tree branch on the premises of another may well be attractive to children and may be dangerous when played with by them. Certainly, it cannot be contended that a landowner would be liable for an injury caused by these things. There is much to be said for the proposition that much of the responsibility for an injury such as that in the instant case should not be placed upon the landowner. *Meyer v. General Electric Co.*, 46 Wn. (2d) 251, 254, 280 P. (2d) 257.

In considering the applicability of the doctrine of attractive nuisance, it may be well to bear in mind the basic principle that the *primary* legal responsibility for the protection of children of tender years from accidents and injuries rests on the shoulders of their parents. In this connection, however, it cannot be denied that almost anything will attract the young inquisitive child; that at times it is most difficult, if not impossible, for good, loving parents to guard and protect their children against accidents arising out of the natural curiosity and other proclivities of active youngsters. In other words, children frequently meet with unfortunate accidents because of their own immature propensities, and no one, including both landowners and parents, is to be blamed too severely. If the doctrine of attractive nuisance is extended or applied without regard for the proper balancing of legal responsibilities and liability as between parents and landowners—and many landowners are parents—there is the danger that landowners would, in effect, become the insurers of the safety of children playing upon such landowners' premises. This would unduly emphasize the responsibility of every member of the community for the protection of children against unfortunate accidents.

We believe that the attractive nuisance doctrine should not be extended to include a pike pole, in and of itself not a dangerous instrumentality, which was lying on a walkway of a millpond, and which was customarily being used as

a simple hand tool or implement by loggers or employees in the ordinary course of the mill's business.

The demurrer was properly sustained by the trial court. The judgment is affirmed.

HAMLEY, C. J., MALLERY, HILL, and ROSELLINI, JJ., concur.