[No. 35011. Department One. November 12, 1959.]

ARVIN HOLLAND, *Individually, and as Guardian ad Litem for Bradley Holland, a Minor, Appellant,* v. JOHN S. NIEMI *et al., Respondents.*[1]

[1]Reported in 345 P. (2d) 1106.

*Jack L. Burtch,* for appellant.

*J. K. Hallam,* for respondents.

OTT, J.—The trial court sustained a demurrer to the amended complaint and entered judgment of dismissal, with prejudice, upon the ground that the amended complaint did not state a cause of action. Plaintiff appeals. The amended complaint reads as follows:

"Comes now the plaintiff, and for a cause of action against the above-named defendants, complains and alleges:

"(1) That the plaintiff is the duly appointed, qualified and acting Guardian Ad Litem of Bradley Holland, a minor.

"(2) That at all times material herein, the defendants were and now are husband and wife, constituting a marital community under the laws of this state, and residents of Grays Harbor County, State of Washington.

"(3) That plaintiff believes, and therefore alleges that at all times material herein the defendants were the owners of the premises located at 512 First Avenue in Aberdeen, Washington, and plaintiff alleges that at all times material herein said defendants had exclusive possession and control of said premises.

"(4) That on or about the 16th day of July, 1957 the defendants had a large skiff on their said premises, which the defendants had situated so that it was leaning against a concrete wall, resting upon one side, and with the bottom of the boat extending outwardly from the wall. That said boat was leaning in almost an upright position and was very unstable and very likely to topple over without much force. That the side of the boat which was touch-

ing the ground was rounded so that very little of the boat actually was touching the ground, thus making its position even more precarious. That said boat was readily visible and apparent from a public alley adjoining said premises, and was in a location which was readily accessible by small children. That small children habitually played in the area where the boat was located, to the knowledge of the defendants. That said boat was attractive to small children as a plaything, and by reason of the precarious position in which it had been situated by the defendants, was extremely dangerous to children. That the defendants knew, or in the exercise of reasonable care should have known the dangerous condition which was created by the position of the boat in respect to children playing in the neighborhood and in that area.

"(5) That on the 16th day of July, 1957 Bradley Holland was a minor of the age of five years, who resided with his father, the plaintiff, and his mother at the family home at 1308 Arnold Avenue, Aberdeen, Washington. That the location of the family home was in the same neighborhood as the residence of the defendants. That on the 16th day of July, 1957 said Bradley Holland, in the company of other children, went onto the defendants' premises, and while there was severely injured when the defendants' boat fell upon him.

"(6) That by reason of the negligence of the defendants and the attractive nuisance created by them, Bradley Holland sustained a very severe spiral oblique fracture of the shaft of the right femur, together with bruises and contusions over the body generally. That said minor was hospitalized from July 16th, 1957 to August 14th, 1957, and was for most of said period of time under traction and continual medical treatment. That said minor suffered severe pain and discomfort while undergoing medical treatment and hospitalization, and for a substantial period of time thereafter. That following his discharge from the hospital, Bradley was compelled to wear a cast on his right leg for a period of approximately two weeks, and thereafter to use a wheelchair for a period of approximately eight days. That said minor has at all times since suffered limitation of motion of the right leg and a limp. That by reason of said disability, pain, suffering and discomfort, said minor has been damaged in the sum of $2,500.00.

"(7) That by reason of the aforesaid injuries, Arvin Holland as the father of said child, incurred reasonable

and necessary medical expenses on behalf of said minor, as follows:

 Grays Harbor Community Hospital.......$490.00
 Dr. C. Timothy Smith ................... 200.00
 Dr. F. J. Dwyer ....................... 20.50
 _____
 $710.50

"WHEREFORE, plaintiff prays for judgment against the defendants for the sum of $3,210.50, together with plaintiff's taxable costs and disbursements herein."

The sole assignment of error relates to the entry of the judgment of dismissal. The appellant contends that a cause of action was pleaded, relying upon the application of the doctrine of attractive nuisance.

 The elements of the doctrine of attractive nuisance are set out in *Schock v. Ringling Bros. & Barnum & Bailey Combined Shows,* 5 Wn. (2d) 599, 105 P. (2d) 838 (1940), as follows [p. 616]:

"To make the doctrine applicable to a given case, all of the following elements must be present: (1) the instrumentality or condition must be dangerous in itself, that is, it must be an agency which is likely to, or probably will, result in injury to those attracted by, and coming in contact with, it; (2) it must be attractive and alluring, or enticing, to young children; (3) the children must have been incapable, by reason of their youth, of comprehending the danger involved; (4) the instrumentality or condition must have been left unguarded and exposed at a place where children of tender years are accustomed to resort, or where it is reasonably to be expected that they will resort, for play or amusement, or for the gratification of youthful curiosity; and (5) it must have been reasonably practicable and feasible either to prevent access to the instrumentality or condition, or else to render it innocuous, without obstructing any reasonable purpose or use for which it was intended."

In subsequent decisions, we have not deviated from the requirements quoted above in deciding the applicability of the doctrine of attractive nuisance to a given case. *Mail v. M. R. Smith Lbr. & Shingle Co.,* 47 Wn. (2d) 447, 287 P. (2d) 877 (1955); *Anderson v. Reeder,* 42 Wn. (2d) 45,

253 P. (2d) 423 (1953); *Deffland v. Spokane Portland Cement Co.,* 26 Wn. (2d) 891, 176 P. (2d) 311 (1947).

■ Applying the test of the first element to the facts in the instant case, a skiff or boat leaning against a wall is not dangerous in itself. It is not an agency which is likely to, or probably will, result in injury to those coming in contact with it. It is no more dangerous an instrumentality than a pile of wood, a pond, a stick, a branch of a tree, simple tools, or ordinary home appliances. *Mail v. M. R. Smith Lbr. & Shingle Co., supra; Meyer v. General Electric Co.,* 46 Wn. (2d) 251, 280 P. (2d) 257 (1955); *Anderson v. Reeder, supra.*

■ The appellant contends that, even though the instrumentality in itself is not dangerous, if it is placed in such a position as to cause injury to trespassing children, should they disturb the condition by force, the owner would be liable. We do not agree. It is the policy of this court to limit the application of the doctrine of attractive nuisance, rather than to extend it. *Mail v. M. R. Smith Lbr. & Shingle Co., supra.*

■ We are not disposed to extend the application of the attractive nuisance doctrine to include liability of an owner for the position in which he might place instrumentalities upon his property that admittedly are not in themselves dangerous. *Mail v. M. R. Smith Lbr. & Shingle Co., supra.*

The judgment is affirmed.

WEAVER, C. J., MALLERY, DONWORTH, and HUNTER, JJ., concur.