[No. 36864.   Department Two.   April 9, 1964.]

LEWIS F. HANEY et al., Appellants, v. RADIO CORPORATION OF AMERICA, Defendant, M. FARAFONTOFF et al., Respondents.*

Keith M. Callow and Richard P. Ruby (of Little, Stephan, Palmer, Scott & Slemmons), for appellants.

L. W. Kahn, for respondents.

PER CURIAM.—May 10, 1962, Lewis F. Haney and Roberta J. Haney, his wife, commenced an action for damages against Radio Corporation of America, and M. Farafontoff and wife, doing business as Seattle Furniture Upholstering Manufacturing Company, hereinafter referred to as Farafontoff.

The complaint alleged that, on or about March 31, 1961, the plaintiffs purchased from Farafontoff a stereo combination television set manufactured by Radio Corporation of America; that, after it was installed, plaintiffs received electrical shocks from the set, and complained to the representatives of Radio Corporation of America; that its agents for several weeks attempted to correct the malfunctioning; that, on June 8, 1961, the repairman for Radio Corporation of America had worked on the set and, at 10:40 p. m., when Roberta J. Haney turned the set off, she received an elec-

*Reported in 390 P. (2d) 980.

trical shock causing her physical pain and injury; that, at the time the set was purchased, the agent of Farafontoff made the normal warranty that it would perform in a reasonably safe and usual manner, not dangerous to life and limb, and that the malfunctioning of the set was due to the negligence of the defendants.

The defendant Farafontoff answered the complaint, admitted that the television set in question had been sold to plaintiffs, but denied that the set had been warranted by his agent as to latent defects or that Farafontoff was negligent. As an affirmative defense, defendant Farafontoff alleged that, if the plaintiffs were injured or damaged, it was the result of a latent defect in the manufacture of the set, which defect was known to plaintiffs, and that, when plaintiffs requested the agents of Radio Corporation of America to repair the set, they no longer relied upon any warranty of fitness which may have been orally expressed by Farafontoff's agent. The defendant Farafontoff prayed for dismissal of the alleged cause of action against him.

Pretrial depositions of Roberta J. Haney and Donald J. Harmon, and affidavits of Andrew Ivanhoe and Roberta J. Haney were filed with the court.

The defendant Farafontoff moved for summary judgment. October 3, 1962, the court entered the following order:

"THIS MATTER having come on regularly for hearing upon the defendant M. Farafontoff's Motion For Summary Judgment before the undersigned Judge of .the above entitled Court on September 18, 1962; plaintiffs appearing by their attorneys, Little Palmer, Scott and Slemmons, and defendant, M. Farafontoff doing business as Seattle Furniture Upholstering Manufacturing Company, being represented by his attorney, L. W. Kahn, and the Court having considered the .pleadings, records, files, and depositions therein, and having heard argument of counsel and being of the opinion that there is no genuine issue as to any material fact and that the defendant M. Farafontoff doing business as Seattle Furniture Upholstering Manufacturing Company is entitled to a judgment of dismissal as a matter of law, Now THEREFOR,

"IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the plaintiffs' Complaint, against M. Farafontoff doing business

as Seattle Furniture Upholstering Manufacturing Company solely, be and it is hereby dismissed with prejudice and without costs."

From the order dismissing defendant Farafontoff from the action, the plaintiffs have appealed.

Appellants' sole contention on appeal is that the affidavits and depositions were in sharp conflict as to several issues of material fact and that, therefore, the court erred in granting the respondent's motion for summary judgment. With this contention, we agree.

The pleadings raised two factual issues: (1) Whether the sales transaction involved any warranties, either express or implied, and (2) whether the subsequent conduct of the appellants constituted a waiver of the warranties, if any.

As to (1), appellant wife's affidavit states ". . . That she did in fact rely on the knowledge and skill and experience of the salesman in choosing a particular set." Such evidence, if believed by the trier of the facts, would tend to establish an implied warranty, under the provisions of RCW 63.04.160(1). The respondent denied that any representations were made by the salesman.

As to (2), the respondent's evidence of waiver did not establish that, by accepting the services of the repairman for the Radio Corporation of America, the appellants knowingly or intentionally absolved the respondent from liability upon the alleged warranties.

It is not the office of a summary judgment to resolve disputed issues of material fact.

The judgment of dismissal as to respondent Farafontoff is reversed. Costs on this appeal will abide the final determination of the cause.