[No. 37055. Department Two. June 11, 1964.]

WARREN R. SLEMMONS, *Appellant*, v. J. G. SHOTWELL *et al.*, *Respondents.*\*

*Little, Gandy, Stephan, Palmer & Slemmons,* for appellant.

*Allen, DeGarmo & Leedy* and *Stuart G. Oles,* for respondents.

OTT, C. J.—Warren R. Slemmons commenced an action against J. G. Shotwell to recover upon an assigned account for legal services performed by J. Kennard Cheadle for J. G. Shotwell.

The defendant answered the amended complaint and, as an affirmative defense, alleged:

"At a date in 1953 or 1954 defendant J. G. Shotwell verbally consulted J. K. Cheadle, an attorney at law in Spokane, Washington, and pursuant to said consultation said J. K. Cheadle performed certain services, the exact nature of which is unknown to defendants, for the period November 4, 1953 through November 3, 1958. All of said services were concluded on November 3, 1958 and no services have been performed by said J. K. Cheadle for J. G. Shotwell after said date, nor were any services after said date author-

\*Reported in 392 P. (2d) 1007.

ized by the defendants or either of them, expressly or impliedly. The present action was commenced more than three years after November 3, 1958 and is therefore barred by the applicable statute of limitations."

At the hearing on the motion for summary judgment, two affidavits were filed. The affidavit of J. Kennard Cheadle states in part:

"Mr. J. G. Shotwell hired your affiant under an oral agreement for the fee of $25.00 per hour for services rendered, plus expenses. As part of said oral agreement, it was agreed between your affiant and Mr. J. G. Shotwell that your affiant's charges to Mr. Shotwell would not be due or paid until he was billed by your affiant. The only bill which was submitted by your affiant to Mr. Shotwell was dated November 18, 1958 and was transmitted by affiant's letter of the same date, copies of which are attached to the affidavit of the defendant Shotwell. No payment of any sum of money whatsoever has been received in response to said billing of November 1958."

The affidavit of J. G. Shotwell states, *inter alia*:

"During 1954, at a date which your affiant does not specifically now recall, your affiant retained the services of Mr. J. K. Cheadle, to represent your affiant in seeking to recover certain sums from an agency of the United States Government. . . .

"In October 1958 Mr. Cheadle advised your affiant that the matter had terminated unsuccessfully as a result of an order of a Court dismissing an appeal that had been taken. Thereafter and under date of November 18, 1958 Mr. Cheadle wrote a letter to your affiant enclosing his statement for services, and a copy of the letter and the statement are attached hereto, marked Exhibit A, and by this reference incorporated herein."

The trial court dismissed the action, finding that the services terminated October 27, 1958; that the commencement of the action on November 17, 1961, was not timely, and that the action was barred by the statute of limitations.

The plaintiff has appealed.

We are here concerned with whether a disputed issue of material fact was resolved by the trial court when it granted respondent's motion for summary judgment.

Mr. Cheadle contends that the oral agreement provided that payment for his services would not be due or payable until he had billed Mr. Shotwell. Respondent Shotwell admits that the first written statement he received from Mr. Cheadle was dated November 18, 1958. However, respondent contends that his telephone conversation of October 27, 1958, with Mr. Cheadle constituted a billing, within the contemplation of the parties.

Parties may incorporate in their contract any provision not illegal or violative of public policy. *Schrock v. Gillingham*, 36 Wn. (2d) 419, 430, 219 P. (2d) 92 (1950); *Motor Contract Co. v. Van Der Volgen*, 162 Wash. 449, 453, 298 Pac. 705, 79 A.L.R. 29 (1931), and case cited. A provision in an agreement that an account for services will not be due or payable until a bill is presented is neither illegal nor against public policy.

November 18, 1958, within three weeks after entry of the judgment dismissing the appeal in the litigation for which Mr. Cheadle was retained, Mr. Cheadle presented his written bill to respondent, in accordance with his understanding of the oral agreement.

Respondent's interpretation of the oral agreement was that his telephone conversation with Mr. Cheadle on October 27, 1958, constituted a billing, despite the fact that Mr. Cheadle's services were not terminated until "November 3 or 5, 1958."

This disagreement presented a disputed issue of material fact which the court resolved when it found "That the telephone conversation of October 27, 1958 constituted a bill to Mr. Shotwell by Mr. Cheadle, within the meaning and purpose of the said alleged verbal agreement just described."

Disputed issues of material fact cannot be resolved by a summary judgment. *Haney v. Radio Corp. of America*, ante p. 163, 165, 390 P. (2d) 980 (1964).

The judgment is reversed, and the cause remanded with instructions to reinstate the claim. Costs will abide the final determination of the action.

DONWORTH, FINLEY, and WEAVER, JJ., and EDGERTON, J. Pro Tem., concur.