[No. 37348. En Banc. April 21, 1966.]

DANIEL MATHIS, *Appellant,* v. CARL O. SWANSON *et al., Respondents.*\*

\*Reported in 413 P.2d 662.

*Gladys Phillips,* for appellant.

*Schumacher & Charette* and *Kahin, Horswill, Keller, Rohrback, Waldo & Moren,* for respondents.

OTT, J.—This action, predicated upon the attractive nuisance doctrine, was commenced by Ethel Mathis, as guardian ad litem for her son, Daniel Mathis, aged 13, who was injured while on the property of the defendants, when his brother, walking on a steel I beam, caused it to fall on Daniel's foot. The defendants were the owners of Swanson's Market in Aberdeen and the owners of the Lamb Construction Company, which was in charge of remodeling the market.

The defendants were granted summary judgment of dismissal, and plaintiff appeals.

The facts, as shown by the pleadings, affidavits, depositions, and photographs, are substantially as follows:

During the remodeling project, five carrier loads of steel I beams were delivered to the premises on April 26, 1961, and placed near the public sidewalk. No barricade was placed between the I beams and the sidewalk. Four of the I beams were laid parallel on carrier blocks and rested on their flanges, in an upright position. Each beam weighed 1,870 pounds, was 34 feet long, with 7½-inch flanges and an 18-inch web between the flanges.

Sunday afternoon, April 30, 1961, Daniel Mathis and his two brothers, aged 10 and 11, were walking on the sidewalk adjacent to the market and noticed the steel girders on the premises. While Daniel was walking on the premises, between the north wall of the market and the four I beams resting on their flanges, his 11-year-old brother walked upon the flange of the I beam nearest Daniel, causing it to tip and fall, injuring Daniel's foot.

In granting respondents' motion for summary judgment, the trial court held, as a matter of law, that the doctrine of attractive nuisance was not applicable to these facts. The propriety of this ruling is the sole issue involved in this appeal.

 The elements of the doctrine of attractive nuisance are as follows:

> To make the doctrine applicable to a given case, all of the following elements must be present: (1) the instrumentality or condition must be dangerous in itself, that is, it must be an agency which is likely to, or probably will, result in injury to those attracted by, and coming in contact with, it; (2) it must be attractive and alluring, or enticing, to young children; (3) the children must have been incapable, by reason of their youth, of comprehending the danger involved; (4) the instrumentality or condition must have been left unguarded and exposed at a place where children of tender years are accustomed to resort, or where it is reasonably to be expected that they will resort, for play or amusement, or for the gratification of youthful curiosity; and (5) it must have been reasonably practicable and feasible either to prevent access to the instrumentality or condition, or else to render it innocuous, without obstructing any reasonable purpose or use for which it was intended. *Shock v. Ringling Bros. and Barnum & Bailey Combined Shows*, 5 Wn.2d 599, 616, 105 P.2d 838 (1940), quoted with approval in *Holland v. Niemi*, 55 Wn.2d 85, 345 P.2d 1106 (1959).

It is elementary that one who asserts a cause of action predicated upon the doctrine of attractive nuisance has the burden of proving, by a fair preponderance of the evidence, all of the elements of the doctrine.

 A summary judgment cannot be granted if there

is a dispute as to any issue of material fact. *Lundgren v. Kieren,* 64 Wn.2d 672, 677, 393 P.2d 625 (1964), and cases cited; *Slemmons v. Shotwell,* 64 Wn.2d 595, 597, 392 P.2d 1007 (1964), and case cited. Nor can a summary judgment be granted if the facts are not in dispute, but reasonable minds might differ as to liability. *Peterson v. Peterson,* 66 Wn.2d. 120, 124, 401 P.2d 343 (1965), and cases cited.

In the instant case, there are disputed issues of fact. (1) Was the I beam or the condition in which it was left "dangerous in itself"? The appellant asserts that it was; the respondents contend that it was not. (2) Was this 13-year-old boy, by reason of his youth, incapable of comprehending the danger involved? Again the appellant asserts that he lacked this capacity, and respondents contend that he had such capacity.

These are salient facts upon which the minds of reasonable men might differ; likewise, they might differ on any one of the other three of the five elements necessary to establish liability under the doctrine of attractive nuisance.

We hold that the trial court erred in granting summary judgment and in determining, as a matter of law, that the doctrine of attractive nuisance did not apply to the factual issues presented.

The respondents rely upon *Holland v. Niemi,* 55 Wn.2d 85, 345 P.2d 1106 (1959). In the cited case, the instrumentality, a skiff, was leaned against a shed on the property of the owner to keep it dry. Under the circumstances, no negligence could be attributed to the owner or to the "condition" in which the skiff was placed upon the owner's property for there was utility in leaning it against a wall to keep it dry. Further, the skiff was not near a public sidewalk, but was some distance from the area where adults and children would be expected to walk. These facts distinguish the *Holland* case from the case at bar. The application of the doctrine of attractive nuisance was not there apropos.

The judgment is reversed. Costs will abide the final determination of the cause.

ALL CONCUR.