[No. 71-40750-3.    Division Three.    April 9, 1970.]

ROSE DAGGETT, *Respondent,* v. EDWIN TIFFANY et al., *Appellants.*

*Merrick, Burgess & Hofstedt* and *H. J. Merrick,* for appellant Edwin Tiffany et al.

*Hughes, Jeffers & Jeffers* and *Joseph L. Hughes,* for appellant Keith Tiffany et al.

*Charles W. Cone,* for respondent.

GREEN, J.—Plaintiff, Rose Daggett, brought an action against defendants, Edwin and Margaret Tiffany, and Keith and Juanita Tiffany, for the wrongful death of her minor son, Tony. From a judgment in favor of plaintiff, defendants appeal.

Decedent, who was 5 years 10 months old at the time of his death, lived with his mother, the plaintiff, in a rental house in the community of Malaga near Wenatchee. Defendants, Edwin and Margaret Tiffany, owned property immediately across a county road from plaintiff's residence. This property consisted of approximately 23 acres, including about 10 acres of cherry orchard, two houses, a barn and other outbuildings. Defendants, Keith and Juanita Tiffany, rent one of the houses from his father, Edwin; it is separated from Edwin's house by a driveway and a yard.

On Saturday, August 5, 1967, Keith removed a motor from an old automobile. On the following day, he, with the aid of a chain hoist, placed the motor on Edwin's 2-wheel orchard trailer. The trailer was made by Edwin from an old automobile frame. It was 15 feet in length with a 3-foot tongue, 25 to 30 years old, no sideboards; and the floor boards consisted of broken, worn rough lumber. Keith placed the four to five-hundred-pound motor in the center of the trailer in line with the axle so that the front of the motor faced one wheel and the back of the motor faced the other. Keith, using a tractor, towed and parked the trailer behind Edwin's barn. It could not be seen from Edwin's house, approximately 150 feet away. On parking the trailer, the weight of the motor caused the tongue to touch the

ground and the rear to rise approximately 3 or 4 feet. Nothing was done to prevent the motor from rolling in either direction except the placing of a 4 x 4-inch wooden block under the exhaust manifold nearest the rear of the trailer. (Counsel attempted to impeach this testimony by reading from a pretrial deposition, but the deposition was never introduced into evidence.)

The fatal injury occurred on Tuesday, August 8, 1967. The only visual evidence of how the accident occurred came from answers to interrogatories by Kelly R. Harrington, one of the children at the scene of the accident. These answers disclose that Kelly and other children were playing near the orchard trailer. Kelly was leaning against one side of the rear of the trailer with his elbows resting on it; Dennis Tiffany, about 3 years old, was sitting on the other side of the trailer approximately 2 or 3 feet from the rear; decedent was leaning against the center-rear of the trailer. While so standing, Kelly felt the trailer rock as if the tongue had come off the ground and suddenly the trailer rocked again and the rear end of the trailer came down hitting the ground rolling the engine off the trailer and onto decedent.

The record discloses the decedent, as well as the other children, had been warned to stay off the orchard trailer. The evidence establishes that the children often played in each other's yards; that after the motor was placed on the trailer, defendant, Keith Tiffany, specifically warned his children to stay off the trailer but did not warn the decedent.

The jury returned a verdict in favor of plaintiff for $15,857.34.

▪ First, defendants, Keith and Juanita Tiffany, contend the trial court erred in failing to grant their motion for a directed verdict. It is their position that plaintiff failed to establish sufficient facts to justify submission of the case to the jury under the doctrine of attractive nuisance. Specifically, it is claimed the evidence did not establish the first element of that doctrine:

(1) the instrumentality or condition must be dangerous in itself, that is, it must be an agency which is likely to, or probably will, result in injury to those attracted by, and coming in contact with, it; . . .

*Holland v. Niemi,* 55 Wn.2d 85, 345 P.2d 1106 (1959); *Schock v. Ringling Bros. & Barnum & Bailey Combined Shows,* 5 Wn.2d 599, 616, 105 P.2d 838 (1940). Defendants rely upon *Holland v. Niemi, supra,* where it was contended that a boat in an unstable condition leaning against a wall constituted an attractive nuisance. The court there sustained a demurrer to plaintiff's complaint. Defendants argue that the trailer with the motor on it, in the instant case, is in the same category as the boat in the *Holland* case and is not "dangerous in itself." We disagree. The comparatively round shape of the motor is clearly demonstrated by the photographs in evidence. Likewise, it is clear the motor was lying crossways at or near the fulcrum of the trailer, where slight movement on the rear of the trailer could cause the motor to roll. The combination of the round shape of the motor and its location on the 2-wheel trailer created an issue of fact for the jury as to whether this condition was "dangerous in itself." *Cf. Copfer v. Golden,* 135 Cal. App. 2d 623, 288 P.2d 90 (1955); *Selby v. Tolbert,* 56 N.M. 718, 249 P.2d 498 (1952). In these respects, the instant condition differs from the *Holland* case.

The other elements of the attractive nuisance doctrine are set out in the *Holland* and *Schock* cases. A question of fact was presented for the jury as to whether each of those elements were established by a preponderance of the evidence. From the evidence, the jury could find: an automobile engine with attached transmission and shifting lever on a 2-wheel trailer near an old barn was attractive and alluring, or enticing, to young children; the children by reason of their youth were incapable of comprehending the danger involved; the motor and trailer were left unguarded and exposed in the farmyard area where it could be reasonably foreseen that children would play or gratify their youthful curiosity; it was reasonably practicable and feasible to render the trailer safe by clocking up the rear, or

chaining the front of the trailer, or by taking other precautionary measures shown by the evidence.

■ Defendants, Keith and Juanita Tiffany, raise two other assignments of error in their brief. Neither of these assignments are argued, nor are authorities cited. In view of this, they will not be considered on appeal. *DeHeer v. Seattle Post-Intelligencer,* 60 Wn.2d 122, 372 P.2d 193 (1962).

In view of the foregoing, the case was properly submitted to the jury as to these defendants.

■ Defendants, Edwin and Margaret Tiffany, assert the trial court erred in failing to determine as a matter of law that even if the attractive nuisance doctrine applied, it would have no application to them. In order to be held liable for the death of Tony, they urge it is necessary that they as owners or occupiers of the land have notice or knowledge of the existence of the dangerous condition or instrumentality. It is contended the evidence failed to show such knowledge. We agree.

The criterion for imposing a duty of care has been stated as follows:

". . . *the duty to use care is predicated upon knowledge of danger,* and the care which must be used in any particular situation is in proportion to the actor's knowledge, actual or imputed, of the danger to another in the act to be performed [or in the failure to perform an act]. . . ." *Leek v. Tacoma Baseball Club,* 38 Wn. (2d) 362, 229 P. (2d) 329.

(Italics ours.) *Mills v. Orcas Power & Light Co.,* 56 Wn.2d 807, 355 P.2d 781 (1960).

W. Prosser, Torts § 59 (3d ed. 1964) states:

The condition must be one which the occupier should recognize as involving an unreasonable risk of harm to such children. Again he must know of the condition, or have reason to know of it; and no case has ever held that, in the absence of any notice that something may be wrong, he is required to inspect his land, or otherwise

investigate, to discover whether there is any condition on it which might harm trespassing children.

(Footnotes omitted.)

At the time Keith removed the motor from the car and placed it on the trailer and parked it behind the barn, defendants, Edwin and Margaret Tiffany, were away on a camping trip. It was not until about 15 minutes prior to the fatal accident that Edwin had even a faint knowledge of the alleged dangerous condition. He testified:

Q. Were you aware of this trailer and engine in the place that it was behind this barn?
A. Not until this particular night that I went out and changed the sprinklers which were out in this locality. . . . [O]n the way back I faintly remember seeing the trailer which was to my right at that time.

The only other evidence in the case was that given by Keith testifying as an adverse witness that he believed his father saw the motor on the trailer on the day of the accident on his way to change the orchard sprinklers. These are the only facts from which it can be inferred that Edwin had notice of the dangerous condition. In her brief, plaintiff attempts to inject other evidence from a pretrial deposition of Keith. However, this deposition was not introduced into evidence and on this appeal cannot be considered as part of the record.

In the absence of a showing that Edwin and Margaret Tiffany, as owners or occupants of the land, knew or should have known of the dangerous condition created on their land by another party, they will not be held liable. There was insufficient evidence to create an issue for the jury on this point. Therefore, the trial court erred in failing to dismiss the action as to these defendants.

Judgment is reversed as to Edwin and Margaret Tiffany, and affirmed as to Keith and Juanita Tiffany.

EVANS, C. J., and MUNSON, J., concur.