580 P.2d 744

**Myron C. LaBARR, Appellant,**

v.

**TOMBSTONE TERRITORIAL MINT, an Arizona Corporation, Richard F. Hewlett, Mineral Exploration Company Limited, a New Jersey limited partnership, Pan Continental Mining Company, a New Jersey limited partnership, and 1971 Minerals Limited, a New Jersey limited partnership, Appellees.**

No. 2 CA–CIV 2544.

Court of Appeals of Arizona, Division 2.

March 14, 1978.

Rehearing Denied April 12, 1978.

Review Granted May 23, 1978.

284

O'Connell, Hecker & Phillips by Lawrence M. Hecker, Jr., Tucson, for appellant.

Rees & Mercaldo, P. C. by Ronald D. Mercaldo, Tucson, for appellees.

## OPINION

HOWARD, Judge.

A is in need of money. B is a lender of money. A goes to B with a proposal for borrowing money which is usurious. A knows that it is usurious. B knows that it is usurious. B accepts the proposal and lends the money to A. A doesn't make the payments per their agreement. B sues A for both principal and interest that is due. Is A estopped from asserting he owes no interest because the loan was usurious? That is the issue to be decided here.

Appellees, defendants below, were in desperate need of money to finance a mining operation. They made a loan proposal to the Chase Manhattan Bank but were unable to procure the loan. Finally, they were put in contact with appellant and a group of Mexican investors and a loan in the sum of $300,000 was consummated. The loan was repayable in six monthly installments of $50,000 each commencing on June 19, 1974 and continuing on the 19th day of each and every month thereafter until November 19, 1974 when the entire unpaid balance of principal was due and payable. Interest on the note executed in connection with the loan amounted to $30,000 and was payable in installments of $15,000 each on December 19, 1974 and January 19, 1975. In addition, a "financier's fee" of $20,000 was payable in two installments of $10,000 each on December 19, 1974 and January 19, 1975. The note also provided that if default should continue for a period of 30 days, the note would become immediately due and payable at the election of the lenders and any past due installments of principal, interest or financial fees would bear additional interest at the rate of 2% per month from the date of delinquency until paid.

The record is clear that at the time of the execution of the note appellant and appellees knew that it contained usurious interest provisions.

The appellees defaulted on the payment of the first principal installment which was due on June 19, 1974, and said payment, together with the payment due on July 19, 1974, and default interest on the loan payment in the amount of 2% were paid on or about July 19, 1974. No further payments were made prior to the commencement of this action and on August 19, 1974, appellant served notice of default pursuant to the provisions of the loan agreement.

Appellant was not the only payee on the note. A group of investors from Mexico also lent some of the funds. They were joined as involuntary plaintiffs but they entered into a separate settlement agreement with the appellees.

The trial court found the interest provisions and the financier's fee to be usurious and held that appellant was only entitled to recover his share of the principal plus attorney's fees.

A.R.S. § 44–1202(A), as amended, provides:

"No person shall directly or indirectly take or receive in money, goods, or things in action, or in any other way, any greater sum or any greater value for the loan or forbearance of any money, goods, or things in action, than ten dollars on one hundred dollars for one year. Any person, contracting for, reserving or receiving, directly or indirectly, any greater sum or value, shall forfeit all interest."

Appellant contends that by instigating the usurious loan, appellees are estopped from asserting the defense of usury. Other jurisdictions have invoked the doctrine of estoppel in usurious transactions in situations in which the borrower is the prime mover in instigating the usurious transaction, is an attorney for the lender, or occupies some kind of fiduciary relationship to the lender, and has knowingly prepared or caused to be prepared the instrument without disclosing its illegality to the innocent lender. See for example, *Heubusch v. Boone*, 213 Va. 414, 192 S.E.2d 783 (1972). See also the cases in Annot. 16 A.L.R.3d 512. The rationale of these cases is that the purpose of the usury statute is to protect the necessitous borrower from an unscrupulous lender and not to provide a vehicle for an unjust windfall.

California takes a more limited view. In that state, as in Arizona, the borrower is not in pari delicto with the lender.[1] Although recognizing that estoppel may be a defense under a proper set of facts, California holds that estoppel does not arise simply because the borrower knew of the usurious nature of the transaction, took the initiative in seeking the loan, and paid usurious interest without protest. *Janisse v. Winston Investment Company*, 154 Cal.App.2d 580, 317 P.2d 48 (1957); *Teichner v. Klassman*, supra.

In other cases the California courts have been more explicit, and have taken the view that to bar the defense of usury, the illegal provisions in the instrument must have been knowingly and fraudulently inserted by the borrower. *Stock v. Meek*, 35 Cal.2d 809, 221 P.2d 15 (1950); *Paillet v. Vroman*, 52 Cal.App.2d 297, 126 P.2d 419 (1942); *Martin v. Ajax Construction Company*, 124 Cal.App.2d 425, 269 P.2d 132 (1954); *Golden State Lanes v. Fox*, 232 Cal.App.2d 135, 42 Cal.Rptr. 568 (1965); *Jue v. Bass*, 299 F.2d 374 (9th Cir. 1962).

In Texas and Idaho, if the lender knows the transaction is usurious, there can be no claim of estoppel. *Miller v. First State Bank*, 551 S.W.2d 89 (Tex.Civ.App.1977); *Bjornstad v. Perry*, 92 Idaho 402, 443 P.2d 999 (1968). But in both of these jurisdictions, deceptive conduct is required, whereas in Arizona the elements of equitable estoppel are somewhat different.

In *Robbins Investment Company v. Green Rose Associates, Inc.*, 8 Ariz.App. 596, 448 P.2d 440 (1968), we set forth the law of estoppel in this state:

"The Arizona Supreme Court has defined estoppel as a concurrence of the following elements: (1) conduct by the party to be estopped by which he intentionally or through culpable negligence induces another to believe and have confidence in certain material facts; (2) *action by the party so induced in reliance, justifiably taken*, upon the apparent state of the facts; and (3) injury to the party so induced which is caused by his reliance. *Builder's Supply Corporation v. Marshall*, 88 Ariz. 89, 352 P.2d 982 (1960). There will be no estoppel in case any of the foregoing elements are lacking. *Knight v. Rice*, 83 Ariz. 379, 321 P.2d 1037 (1958)." (Emphasis added)

We do not see how there can be justifiable reliance on the part of a lender when he knows the loan is usurious. Accordingly, we hold that in such a situation estoppel is not a defense.

Appellant contends the appellees waived the defense of usury by (1) executing the note and loan agreement; (2) by voluntarily making interest payments and

1. See *Blaisdell v. Steinfeld*, 15 Ariz. 155, 137 P. 555 (1914) for the Arizona law and *Teichner v. Klassman*, 240 Cal.App.2d 514, 49 Cal.Rptr. 742 (1966) for the California law.

(3) by the settlement agreement with the Mexican lenders. We do not agree.

The defense of usury cannot be waived at the inception of the loan. *Leon v. Zlatkin*, 265 Mich. 225, 251 N.W. 377 (1933); *Motor Contract Company v. Van Der Volgen*, 162 Wash. 449, 298 P. 705 (1931). To hold otherwise would be to subvert the purpose of the usury statutes. Nor does the fact that the borrower makes payments on usurious contracts amount to a waiver. *Baruch Investment Company v. Huntoon*, 257 Cal. App.2d 485, 65 Cal.Rptr. 131 (1967); *Ostiguy v. A. F. Franke Construction, Inc.*, 55 Wash.2d 350, 347 P.2d 1049 (1959); *Chakford v. Sturm*, 65 So.2d 864 (Fla.1953).

In a written settlement agreement with the Mexican lenders, appellees expressly waived any defense of usury. The settlement agreement also contains the following provision:

"WHEREAS, the parties hereto by execution of the herein Agreement do not desire to compromise or prejudice any of the rights and obligations which they may have pertaining to M. C. LaBarr;
. . ."

Appellant claims because he was in privity of contract with the Mexican lenders and the appellees he becomes a third party beneficiary to the settlement agreement notwithstanding statements to the contrary therein. We do not agree. The agreement denies him any rights as a third party beneficiary.

■ Lastly, appellant claims that, in any event, he is entitled to recover the 2% penalty provision of the loan agreement which applies to past due payments of principal, interest or the financier's fee. To support this contention he has referred us to the annotation in 28 A.L.R.3d, p. 451 et seq. This annotation is inapposite. It deals with the question of whether or not a provision in a promissory note or other contract for the payment of money for interest after maturity at a rate in excess of the highest legal rate or lawful interest rate at the time of making the agreement is usurious or otherwise illegal. That is not the issue. A.R.S. § 44–1202(A) provides that all interest shall be forfeited. The statute is quite clear and its includes the 2% interest to which appellant claims he is entitled.

Affirmed.

HATHAWAY, J., and HENRY S. STEVENS, Retired Judge, concur.