[No. 746-3.   Division Three.   August 2, 1973.]

DONALD G. CHARBONNEAU, *Appellant*, v. WILBUR ELLIS
COMPANY *et al., Respondents.*

*J. P. Tonkoff* and *Walter B. Dauber* (of *Tonkoff, Dauber
& Shaw*), for appellant.

*Pinckney M. Rohrback* (of *Keller, Rohrback, Waldo,
Moren & Hiscock*) and *Robert R. Redman* (of *Gavin, Rob-
inson, Kendrick, Redman & Mays*), for respondents.

MUNSON, J.—Plaintiff appeals from an order granting
summary judgment in favor of Yakima Valley Spray Com-
pany.

Plaintiff is the owner of an apple orchard in Yakima

County. In the spring of 1971, he purchased from the Wilbur Ellis Company an emulsifiable oil and diazinon, which was to be applied as a dormant spray upon plaintiff's 42-acre apple orchard. The oil purchased from Wilbur Ellis Company was an emulsifiable oil formulated by Yakima Valley Spray Company.

From March 30, 1971, to April 1, 1971, plaintiff sprayed a mixture of water, emulsifiable oil and diazinon upon his orchard. Representatives of Wilbur Ellis gave recommendations and technical advice with respect to the application of this dormant spray. Plaintiff applied only 60 percent of the recommended dosage. Within a few days after spraying, extensive tree and crop damage became apparent.

Plaintiff filed suit for damages against both Wilbur Ellis Company and Yakima Valley Spray Company. After taking plaintiff's deposition and submitting interrogatories, Yakima Valley Spray moved for summary judgment on the basis that there was no genuine issue of material fact existing by which liability for plaintiff's damage could be attributed to Yakima Valley Spray Company. The trial court granted the requested summary judgment. Plaintiff appeals.[1]

A motion for summary judgment is properly rendered if: "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact . . ." CR 56 (c). To support his assertion that a genuine issue of fact existed with respect to whether or not the oil formulated by Yakima Valley was in fact defective, plaintiff relied upon the following:

[1] We note that plaintiff's notice of appeal also lists two other orders as being appealed. These are: (1) an order denying plaintiff's motion for dismissal of Yakima Valley Spray Company without prejudice and (2) an order allowing the filing of an amended complaint by plaintiff but striking from such complaint any claim that the emulsifiable oil was deleterious, injurious, or inherently dangerous. Inasmuch as neither is assigned as error and there is no argument contained thereon in appellant's brief, these matters will not be considered. CAROA 43; *State v. Miller*, 7 Wn. App. 414, 423, 499 P.2d 241 (1972); *Daggett v. Tiffany*, 2 Wn. App. 309, 313, 467 P.2d 629 (1970).

(1) Plaintiff, who studied horticulture, basically pomology, for 1½ years at Cornell University and has operated his orchard since 1959, expressed his opinion that the tree damage was caused by the oil spray. This contention is not disputed by the defendant.

(2) In support of his belief, plaintiff asserts he was advised by an expert, Amos Bourgo, a fieldman for Chevron Chemical Company, that the oil supplied by Yakima Valley Spray Company was defective.

(3) Plaintiff asserts by affidavit that the oil was mixed pursuant to recommended specifications and was properly applied by the use of standard and accepted good farming practices.

For the purposes of this motion, plaintiff contends that he has come forward with sufficient facts by affidavit to eliminate every effectual cause of damage except the oil itself. While he would admit that oil can cause damage, whether defective or not, he asserts that sufficient facts have been introduced to create a genuine issue of material fact as to the defectiveness of the oil.

The defendant likewise admits that application of the oil could have caused plaintiff's damage; but he claims this fact does not establish that the oil was defective. Thus, the plaintiff must do more than admit oil can cause damage; he must come forward with some facts to establish the defective condition of this oil.

Defendant requested and received, pursuant to CR 36, admissions from the plaintiff that: (a) he had made no test on the oil applied; (b) he had no reports or information that there was anything defective about defendant's emulsifiable oil other than Mr. Bourgo's claimed statement of opinion; and (c) no one advised him that defendant's oil was impure, not true to label, or was contaminated. Thus the defendant contends that the failure to produce any evidence that the oil was defective justified the granting of summary judgment for defendant.

Once the moving party has filed affidavits controverting the pleadings, the nonmoving party can no longer

rely upon those pleadings, but must come forward with evidence which would create a genuine issue of material fact. *W.G. Platts, Inc. v. Platts*, 73 Wn.2d 434, 438 P.2d 867, 31 A.L.R.3d 1413 (1968). Since the only actions of defendant Yakima Valley herein were in formulating the oil, it can only be held liable if the oil, as formulated, is found to be defective and the cause of the orchard damage. Therefore, the only issue left is: Were sufficient facts presented to raise an issue that the oil itself was defective?

■■ The plaintiff, who must be considered as an expert based upon his background, claims the damage came from the oil. However, that in and of itself does not mean the oil is defective because, as the defendant admits, oil which is not defective can cause the same damage. The only evidence of defectiveness which plaintiff has produced is the statement in his affidavit that he was told by an expert fieldman that the damage was due to defective oil. This is not evidence based upon plaintiff's personal knowledge, but rather is in the nature of hearsay. It is not competent evidence upon a defendant's motion for summary judgment. CR 56(e); *Meadows v. Grant's Auto Brokers, Inc.*, 71 Wn.2d 874, 878, 431 P.2d 216 (1967). Furthermore, defendant filed an affidavit of Amos Bourgo, the expert fieldman referred to in plaintiff's affidavit, wherein the affiant stated he did not so advise plaintiff.[2] Thus, we find nothing in the affidavits of plaintiff which creates a genuine issue as to any material fact. The question of whether the oil was defective is in the area of speculation. If the matter went to the trier of fact in the posture set forth in the present record, the trier of fact would be unable to do any more than speculate or guess upon the condition of the oil. Therefore, the trial court was correct in granting the motion for summary judgment.

■ Plaintiff attempts to rely upon the doctrine of res

---

[2]"At no time during these discussions did I advise Mr. Charbonneau that I thought the condition that I observed in his orchard was due to any defect in the emulsifiable oil used in his spray. It would be my testimony if called in this case that I made no such statement."

ipsa loquitur to establish an inference that the oil was defective and the defendant negligent in its formulation of the emulsifiable oil.

The three prerequisites to application of the doctrine are: (1) an event which ordinarily does not occur unless someone is negligent; (2) the agency or instrumentality causing the event must be within the exclusive control of the defendant; and (3) there must be no voluntary action or contribution to the event on the part of the plaintiff.

*Miles v. St. Regis Paper Co.,* 77 Wn.2d 828, 832, 467 P.2d 307 (1970). The doctrine is not applicable in this case for two reasons. First, the facts do not recite an instance which normally does not occur without the negligence of some person. Because of the numerous factors[3] which might contribute to the type of damage involved herein, nonnegligent factors cannot be ruled out as potential causes. Secondly, defendant did not have exclusive control of the instrumentality causing the event. Before the damage could have been incurred, it was necessary for the plaintiff to combine the oil with the diazinon and choose the time and manner of application. Any of these matters, if done improperly, could have caused the damage. In light of the precise situation set forth by the record, it is impossible to say that the agency or instrumentality causing the event was in the exclusive control of the defendant.

Judgment is affirmed.

GREEN, C.J., and McINTURFF, J., concur.

---

[3]In his affidavit, Amos Bourgo stated:

"I observed what appeared to be oil type injury to Mr. Charbonneau's orchard, however, oil type injury can be the result of many circumstances or combinations of circumstances even though perfectly good oil is used. Among the circumstances that can be involved are overapplication, misapplication, application under adverse weather conditions, application under adverse temperature conditions, improper or insufficient agitation in the spray rig, improper or inadequate mixing of the oil and water during the loading of the spray rig, inadvertent double application, inappropriate or improper settings on the spray nozzles, improper or inappropriate disc sizes in the spray nozzles, and undoubtedly other possible conditions. In addition, injury can result from a combination of two or more of the aforementioned factors."