[No. 46860. En Banc. October 23, 1980.]

RICHARD J. BARRIE, *Appellant,* v. HOSTS OF AMERICA, INC., *Respondent.*

*Caw & Rubstello* and *Greg A. Rubstello,* for appellant.

*Layman, Mullin & Etter* and *Ronald K. Mullin,* for respondent.

STAFFORD, J.—Appellant, the estate of decedent Robert D. Barrie, appeals from a summary judgment dismissing its negligence action against respondent Hosts of America, Inc. The Court of Appeals certified the cause to this court. We affirm the trial court.

On January 30, 1976, at approximately 7:30 p.m., the decedent Robert Barrie arrived at the cocktail lounge of the Hallmark Inn, a motel in Moses Lake, Washington. Respondent is the owner of the Hallmark Inn. The decedent consumed a number of alcoholic drinks and was last observed in the lounge at 10:30 p.m. At approximately 12:30 a.m., the next morning, the decedent was killed in a 1–car accident on Interstate 90.

The decedent's personal representative brought the present wrongful death action on a theory of common law negligence. RCW 4.20.010, .020, and .060. The complaint alleged respondent served liquor to the decedent while he was in an obviously intoxicated condition, thereby causing the ensuing death. The trial court granted respondent's motion for summary judgment after concluding no genuine

issue of material fact existed and that respondent was entitled to judgment as a matter of law. CR 56(c).

Appellant contends the affidavits submitted in support of and in opposition to the summary judgment motion raise a genuine issue of material fact. Appellant also argues that, as a matter of law, a commercial liquor vendor may be held liable to the estate of a vendee who is fatally injured as the result of consumption of liquor in the vendor's establishment while in an obviously intoxicated condition. We do not reach the merits of appellant's second contention because we hold appellant has failed to establish, by competent evidence, that the decedent was in an obviously intoxicated condition while in respondent's lounge.

█ Pursuant to CR 56(c), a summary judgment of dismissal may be granted only if the pleadings, affidavits, depositions and admissions on file demonstrate there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *Balise v. Underwood,* 62 Wn.2d 195, 199, 381 P.2d 966 (1963). In ruling on the motion, the court's function is to determine whether a genuine issue of material fact exists; it is not to resolve an existing factual issue. *Thoma v. C.J. Montag & Sons, Inc.,* 54 Wn.2d 20, 337 P.2d 1052 (1959). A material fact is one upon which the outcome of the litigation depends, in whole or in part. *Morris v. McNicol,* 83 Wn.2d 491, 494, 519 P.2d 7 (1974). All reasonable inferences from the evidence must be resolved against the movant and considered in the light most favorable to the nonmoving party. *Barber v. Bankers Life & Cas. Co.,* 81 Wn.2d 140, 500 P.2d 88 (1972). The motion should be granted only if, from all the evidence, reasonable men could reach but one conclusion. *Morris v. McNicol, supra.*

In the instant case, the trial court considered the following documents in ruling on the summary judgment motion: the affidavits of the Adams County alcoholism program director and appellant's and respondent's attorneys, as well as the depositions of the lounge bartender, bar manager and cocktail waitress. A careful review of these documents

demonstrates appellant has failed to establish that the decedent was in an obviously intoxicated condition at the lounge on January 30, 1976.[1] The deposition of the lounge bartender indicates he had no specific recollection of the decedent or his level of intoxication on the night of January 30. The deposition of the cocktail waitress states the decedent did not appear intoxicated on January 30, and that he walked and talked in a normal fashion that night. The deposition of the bar manager, Ellen "Kelly" Hill, indicates that the decedent did not manifest any signs of intoxication on the night in question.

Appellant contends, however, that the affidavit of its attorney, Mr. Rubstello, creates an issue as to the decedent's physical condition on January 30. The affidavit states that in a telephone conversation with Ellen "Kelly" Hill prior to the taking of her deposition, she told Mr. Rubstello that the decedent drank more than usual on January 30, and that he was intoxicated and "smashed."

Pursuant to CR 56(e), supporting and opposing affidavits shall be made on personal knowledge and shall set forth such facts as would be admissible in evidence. As we noted in *Meadows v. Grant's Auto. Brokers, Inc.,* 71 Wn.2d 874, 880, 431 P.2d 216 (1967), an attorney is not disqualified from making an affidavit based upon his or her personal knowledge of the facts set forth therein. "[S]uch an

---

[1]Although appellant does not raise the issue on appeal, we note that the deposition of the Adams County alcoholism program director is insufficient to create an issue as to the decedent's physical condition on January 30. Based on the stipulated fact that the decedent had a blood alcohol content of .29 percent at the time of the accident, the deposition states that Barrie must have been intoxicated and "incapable of making a rational decision" at least an hour earlier. However, at least 2 hours elapsed between the time decedent was last observed in the lounge and the time of his death. The record is devoid of evidence as to whether the decedent remained in the lounge or whether he left and consumed alcohol elsewhere, thereby placing himself in an intoxicated condition. Without evidence of the deceased's whereabouts during the 2 hours before his death, the fact that he died with a high blood alcohol content does not establish that he was served liquor while in an obviously intoxicated condition in respondent's lounge. *See Shelby v. Keck,* 85 Wn.2d 911, 915, 541 P.2d 365 (1975).

affidavit is entitled to the same consideration as that of any other affidavit based upon testimonial knowledge."

Respondent contends Rubstello's affidavit, standing alone, cannot create a genuine issue as to whether the deceased was in an obviously intoxicated condition while in the lounge. We agree. If admissible, Hill's earlier and allegedly contradictory statements can only be used to impeach her testimony or deposition, and not to prove the truth of the facts contained therein. *See Gams v. Oberholtzer,* 50 Wn.2d 174, 310 P.2d 240 (1957). Rubstello's recollection of Hill's conversation amounts to hearsay evidence which cannot be used to prove the truth of the matter asserted, *i.e.,* that the decedent was in fact intoxicated or "smashed". ER 801(d)(2). As noted in *Cofer v. County of Pierce,* 8 Wn. App. 258, 262, 505 P.2d 476 (1973):

> Plaintiff could not use the affidavit of her counsel to create an issue of material fact because the attorney's affidavit was based upon hearsay and upon information and belief. If the attorney's affidavit had been based upon testimonial knowledge it would have been admissible to create an issue of material fact.

*See also Charbonneau v. Wilbur Ellis Co.,* 9 Wn. App. 474, 477, 512 P.2d 1126 (1973) ("This is not evidence based upon plaintiff's personal knowledge, but rather is in the nature of hearsay. It is not competent evidence upon a defendant's motion for summary judgment.") Accordingly, the affidavit cannot place in issue the material fact of the decedent's physical condition on January 30.

Appellant asserts ER 801(d)(2) removes the statements contained in Rubstello's affidavit from the hearsay rule. ER 801(d)(2) makes admissible as substantive evidence any statement offered against a party that is by the party's agent acting within the scope of his or her authority to make the statement for the party. We do not agree. The hearsay exception applies to situations where the agent was authorized to make the statement on behalf of the principal. *See Kadiak Fisheries Co. v. Murphy Diesel Co.,* 70 Wn.2d 153, 422 P.2d 496 (1967); 5 R. Meisenholder, Wash.

Prac., *Evidence Law and Practice* § 425(1) (1965 & Supp. 1980). No evidence of such authorization is present in the instant record.

The trial court is affirmed.

UTTER, C.J., and ROSELLINI, WRIGHT, BRACHTENBACH, HOROWITZ, DOLLIVER, HICKS, and WILLIAMS, JJ., concur.

Reconsideration denied November 21, 1980.