[No. 6488-0-II.   Division Two.   March 14, 1984.]

KACEY HALLIGAN, *Appellant,* v. FRANK PUPO, ET AL, *Respondents.*

*Geoffrey C. Cross,* for appellant.

*Jack Rosenow,* for respondents.

REED, J.—On December 14, 1980, Kacey Halligan was injured in an automobile accident. The accident occurred as Thomas Potter, the allegedly drunk driver of the other car, was on his way home from the Tacoma Lawn and Tennis Club where he had attended his employer's company Christmas party. The party was sponsored by Sam's Tire Service, Inc. and Frank and Janice Pupo, the owners of 69 percent of the company's stock. It featured an open bar, tended by two bartenders hired for the occasion. Wine was also continuously available at each table. It is alleged that Potter drank an undetermined amount of alcohol at the

party until it became obvious he was intoxicated. Potter left the party driving his car. The accident occurred shortly thereafter.

Halligan brought suit against the defendants, alleging that they were negligent by continuing to furnish alcohol to Potter even though he was in a state of obvious intoxication. Halligan also alleged that this negligence proximately caused her injuries. The defendants moved for summary judgment based on *Halvorson v. Birchfield Boiler, Inc.,* 76 Wn.2d 759, 458 P.2d 897 (1969). The motion having been granted, Halligan appeals.

Our Supreme Court recently interpreted the *Halvorson* case in *Wilson v. Steinbach,* 98 Wn.2d 434, 656 P.2d 1030 (1982) and *Young v. Caravan Corp.,* 99 Wn.2d 655, 663 P.2d 834 (1983). In light of these cases, we reverse and remand for trial of the factual issues presented.

In *Halvorson v. Birchfield Boiler, Inc., supra,* in a setting almost identical to the one before us, the Supreme Court held that the furnisher of alcoholic beverages is not liable to a third party whose injury is caused by the intoxicated consumer. Halvorson was injured in an automobile accident with Wolf. Wolf had become intoxicated at his employer's Christmas party. The alcohol at the party was furnished by the defendants, Wolf's employer, Birchfield Boiler, Inc., and Ace Furnace and Steel Company. The court adopted the general common law rule that the furnisher of liquor is not liable, quoting with approval from 30 Am. Jur. *Intoxicating Liquors* §§ 520–521 (1958).

> [I]t is not a tort to either sell or give intoxicating liquor to ordinary able–bodied men, and it has been frequently held that, in the absence of statute, there can be no cause of action against one furnishing liquor in favor of those injured by the intoxication of the person so furnished. . . .
>
> It is generally held that there can be no cause of action against one furnishing liquor in favor of those injured by the intoxication of the person so furnished, even though the liquor was sold or given to one in violation of a law other than under a civil damage act, *so*

> *long as the person to whom the liquor was sold or given was not in such a state of helplessness or debauchery as to be deprived of his will power or responsibility for his behavior.*

(Italics ours.) *Halvorson,* 76 Wn.2d at 762.

Revisiting *Halvorson* in *Wilson v. Steinbach, supra,* our Supreme Court interpreted *Halvorson* as follows:

> In *Halvorson,* we recognized and adopted the general common law rule of nonliability for furnishing intoxicants to an able–bodied person, while simultaneously recognizing the exceptions to the rule for *obviously intoxicated persons,* persons in a state of helplessness, or persons in a special relationship to the furnisher of intoxicants.

(Italics ours.) *Wilson v. Steinbach,* 98 Wn.2d at 438. The Steinbachs had furnished alcohol to Shelly Wilson at a Christmas party. After leaving the party, she lost control of her car, struck a utility pole and was killed. Shelly's parents brought wrongful death and survival actions against the Steinbachs. The Supreme Court, upholding the trial court's dismissal of the complaint, found that plaintiffs failed to establish that Shelly's intoxication was obvious to the Steinbachs.

The *Wilson* formulation of the *Halvorson* rule was again applied in *Young v. Caravan Corp., supra.* Richard C. Young was killed in a 1–car automobile accident. Immediately before the accident he had been drinking at the Caravan Restaurant and Lounge. The decedent's mother brought a wrongful death action against Caravan. Her theory of liability was, *inter alia,* that Caravan was negligent by continuing to serve alcoholic beverages to her son after he was obviously intoxicated. The trial court dismissed the complaint by summary judgment. The Supreme Court reversed. In doing so, the court clung to the interpretation of *Halvorson* adopted in *Wilson,* relying upon the "recognized" exception to nonliability for furnishing alcohol to an obviously intoxicated person. Because Mrs. Young had created a genuine factual issue as to her son's obvious intoxication, the summary judgment was reversed.

■■■ As newly interpreted and applied, the key to the "recognized" exception to the general rule of nonliability for furnishing alcohol appears to be obvious intoxication. Thus, if the injured party pleads and proves that alcohol was furnished to an obviously intoxicated person, the furnisher may be found liable for injuries and damages proximately caused by the intoxicated consumer. Applying this rule to the case at bar, we must determine whether plaintiff succeeded in creating a genuine issue of fact as to whether Potter was furnished with alcoholic beverages while obviously intoxicated. A summary judgment motion can be granted only if the pleadings, affidavits, depositions and admissions on file demonstrate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Barrie v. Hosts of Am., Inc.*, 94 Wn.2d 640, 618 P.2d 96 (1980). The material facts submitted and all reasonable inferences must be considered in the light most favorable to the nonmoving party. *Yakima Fruit & Cold Storage Co. v. Central Heating & Plumbing Co.*, 81 Wn.2d 528, 503 P.2d 108 (1972).

As proof of Potter's condition, Halligan presented the deposition of Frances Budrow, a guest at the December 14 Christmas party. Ms. Budrow stated that Potter was unsteady on his feet and totally obnoxious at the time he made a presentation in front of the guests. She also stated that after the speech he was unsteady on his feet when he approached her table and she observed him continuing to drink at his own nearby table. This deposition creates a genuine issue of material fact. The summary judgment should not have been granted.

■ Defendants contend that merely making alcoholic beverages available to someone who then helps himself is not "furnishing" liquor. The manner in which Potter was served the alcohol is of no consequence. The relevant inquiry under *Wilson* and *Young* is who had authority to

deny further service of alcohol when intoxication became apparent.[1]

Finally, the trial judge cannot be faulted for relying upon *Halvorson* as authority for dismissal of Halligan's complaint. In our opinion, if the granting of summary judgment was in error, it is because the law has been changed *sub silentio* while the court continues to state that the matter properly is one for the Legislature. *See Wilson*, 98 Wn.2d at 441.

We note several analytical difficulties with the adoption of the "recognized" exception in *Wilson* and *Young*. First, we can find in *Halvorson* no recognition that the furnisher may be liable for furnishing alcohol to an obviously intoxicated person. The case was dismissed by the trial court because the pleadings and opening statement failed to state a claim upon which relief could be granted. On appeal one of the plaintiffs' allegations, which the Supreme Court accepted as true for purposes of reviewing the dismissal, was "[p]laintiffs further allege that the defendants were guilty of negligence because they furnished intoxicants to Mr. Wolf, knowing he was intoxicated . . ." *Halvorson*, 76 Wn.2d at 760. This allegation, in light of the procedural posture of the case, does not appear to allow for recognition of an exception for furnishing alcohol to an obviously intoxicated person. *Halvorson* reserves its exception for one whose drunken condition has produced such a state of "helplessness or debauchery" that he cannot control his actions. Second, nothing is said in *Wilson* and *Young* about the court's new attitude toward proximate cause. Three times in *Halvorson,* the court states that "the drinking of the liquor is the proximate cause of the injury, not the

---

[1]Sam's Tire Service, Inc. paid the bill for the party, but it apparently was cosponsored by the Pupos and Sam's Tire. The Pupos have not argued to us that they could not be found liable as furnishers. We therefore leave the question open for the trier of facts.

furnishing of it." *Halvorson,* 76 Wn.2d at 762. Third, the suggestion in *Halvorson,* 76 Wn.2d at 764–65, that a distinction may exist between the social and commercial furnishing of liquor is abandoned without discussion.[2] Fourth, the *Wilson* and *Young* decisions appear to be at odds with *Hulse v. Driver,* 11 Wn. App. 509, 524 P.2d 255 (1974), which relied upon *Halvorson* for dismissal of a cause of action. The *Hulse* case is cited in *Wilson,* 98 Wn.2d at 438, 441, but is neither overruled nor disapproved.

Because Halligan has presented a factual issue for trial under the Supreme Court's new interpretation of *Halvorson* (which we must follow), we reverse and remand for trial.

CORBETT, J., concurs.

JOHNSON, J.*(concurring)—I am compelled to concur because the Supreme Court in *Wilson v. Steinbach,* 98 Wn.2d 434, 656 P.2d 1030 (1982) and *Young v. Caravan Corp.,* 99 Wn.2d 655, 663 P.2d 834 (1983), in its recitation of the rule in *Halvorson v. Birchfield Boiler, Inc.,* 76 Wn.2d 759, 458 P.2d 897 (1969), has added an extra phrase, to wit, "obviously intoxicated persons." The rule as laid down in *Halvorson* is found at page 762, and is accurately set forth in our opinion at pages 86–87, quoting 30 Am. Jur. *Intoxicating Liquors* §§ 520–521 (1958); it does not include the phrase, "obviously intoxicated persons."

Despite its disclaimer in *Wilson,* 98 Wn.2d at 441, the Supreme Court has by its interpretation legislated an

---

[2] "Each of the cases noted earlier as departing from the common law rule [nonliability] involved a sale of liquor by a regular vendor. Defendants' activities did not constitute a sale of liquor even by the broadest concept. We have been unable to find any case wherein liability has been predicated upon a gift of intoxicants." *Halvorson,* 76 Wn.2d at 764–65.

*Judge Bertil E. Johnson is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

enlargement of the common law or *Halvorson* rule.

Reconsideration denied April 13, 1984.