IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| MICHIKO STEHRENBERGER, an individual, | ) ) ) | No. 38775-5-III |
| Appellant, | ) ) | |
| v. | ) ) | |
| | ) | UNPUBLISHED OPINION |
| ERIK E. HIGHBERG and JANE DOE HIGHBERG, husband and wife, ERIK E. HIGHBERG, PLLC, a Washington professional limited liability company, LAUREN KERRI-HIGHBERG, an individual, and JOHN DOES 1-100, | ) ) ) ) ) ) ) | |
| Respondents. | ) ) ) | |

LAWRENCE-BERREY, C.J. — Michiko Stehrenberger appeals the trial court's order granting summary judgment to Erik Highberg and his law firm (Highberg). She additionally appeals the trial court's order denying her motion for partial summary judgment, in addition to various discovery orders.

Although Stehrenberger asserted 14 causes of action, Highberg's summary judgment motion discussed only two of them, and the trial court dismissed only one—breach of contract. We treat this appeal as one for discretionary review, accept discretionary review, and reverse the summary judgment order in favor of Highberg. We decline to review the other orders.

FACTS

In 2011, attorney Erik Highberg hired Michiko Stehrenberger to work as support staff in his law office. In 2012, Highberg agreed to a revised compensation plan whereby he paid Stehrenberger 20 percent of fees collected from cases she worked on, payable on receipt of those fees. While the parties did not reduce their new agreement to writing, neither party disputes its existence.

According to Stehrenberger, the parties revised the agreement again, increasing her pay to 50 percent of fees collected from certain cases, minus 50 percent of expenses for those cases. Although Highberg denies this agreement, he concedes having written a June 14, 2015 e-mail confirming it, wherein he admits owing Stehrenberger $114,827. He claims Stehrenberger had threatened to report him to the Washington State Bar Association (WSBA), and he wrote the e-mail "[i]n an effort to calm the tension." Clerk's Papers (CP) at 474.

On June 30, 2015, Highberg told Stehrenberger he was "hold[ing]" her funds for her. CP at 753. However, interest on lawyers' trust accounts (IOLTA) statements would later confirm that Highberg was steadily depleting the funds collected from Stehrenberger's cases, as well as funds held in trust for his clients.

According to Stehrenberger, Highberg issued her several checks in accordance with their 50 percent agreement. Stehrenberger has check stubs confirming partial

2

payments made in 2014, 2015, and 2016, the latest being a $14,000 payment made on or about July 18, 2016.

*Bar grievance*[1]

In September 2016, Stehrenberger filed a grievance against Highberg with the WSBA. In her grievance, she accused Highberg of mishandling client funds. She also characterized the funds Highberg had failed to pay her as mishandled client funds, because Highberg, according to Stehrenberger, had been providing her with legal advice since 2012 as part of her employment. In support of this contention, Stehrenberger produced legal documents Highberg had allegedly drafted for her. However, Stehrenberger produced no retainer agreement with Highberg. Moreover, Stehrenberger had appeared pro se in all the matters on which Highberg had allegedly advised her. On October 24, 2016, Highberg submitted written responses to the WSBA defending his conduct.

As a result of Stehrenberger's grievance, the WSBA eventually suspended Highberg's law license for three years. However, the WSBA concluded that Stehrenberger's own dispute with Highberg was an employment matter outside the scope of WSBA authority.

---

[1] It is unclear when Stehrenberger stopped working for Highberg's firm. We surmise she stopped working for his firm prior to the bar grievance.

No. 38775-5-III
*Stehrenberger v. Highberg*

*Bankruptcy*

On May 6, 2019, Highberg filed for bankruptcy. He voluntarily withdrew his bankruptcy petition on June 19, 2019.

*Procedural history*

Stehrenberger filed her complaint in this action on July 18, 2019, and filed her amended complaint on October 7, 2019. In her 48-page amended complaint, Stehrenberger asserted 14 claims:

- Breach of contract

- Breach of fiduciary duty

- Fraud

- Voidable transactions under the Uniform Voidable Transactions Act (UVTA), chapter 19.40 RCW

- Liability for accounts receivable

- Negligence

- Conversion or embezzlement

- Unjust enrichment or quantum meruit

- Alter ego use of an entity

- Consumer Protection Act (CPA), chapter 19.86 RCW, violations

4

- Failure to account

- Joint and several liability against Highberg's marital community[2]

- Declaratory relief recognizing the existence of an attorney-client relationship

- Declaratory relief related to misrepresentations of material fact to the WSBA

*See* CP at 1-44.

During 30 months of pretrial litigation, Stehrenberger filed numerous motions and amended motions seeking declaratory relief, compelled discovery, and partial summary judgment. At one point, Stehrenberger filed 75 pleadings over the span of one year, sometimes filing "two or three responses before [Highberg's] counsel even replied to her first one." Rep. of Proc. (RP) (Oct. 30, 2020) at 10.

Highberg informed the court that such tactics were habitual with Stehrenberger. A trial judge in King County had once entered an order declaring Stehrenberger a "vexatious litigant," thereby forbidding her from filing anything in that county without leave of the court. RP (Jan. 14, 2022) at 59. When questioned about the King County order, Stehrenberger equivocated and minimized it, but did not deny its existence.

Of Stehrenberger's motions, only three are relevant to this appeal:

---

[2] Mr. Highberg married Lauren Kerri on June 8, 2016.

- Motion for declaration of an attorney-client relationship and partial summary judgment on fiduciary duty claim (August 10, 2020). In this motion, Stehrenberger reiterated the argument she made to the WSBA, namely, that an attorney-client relationship arose between her and Highberg when he offered her legal advice as part of her employment. This attorney-client relationship, she argued, imputed fiduciary duties to Highberg. In the alternative, Stehrenberger argued that Highberg owed her fiduciary duties by virtue of their "special relationship" under *Goodyear Tire and Rubber Co. v. Whiteman Tire, Inc.*, 86 Wn. App. 732, 741-42, 935 P.2d 628 (1997). CP at 104. Highberg then breached those fiduciary duties, Stehrenberger argued, by misappropriating funds she had entrusted to him.

  The trial court denied Stehrenberger's motion, finding that Stehrenberger was seeking to "relitigate the conclusions of the Bar Association . . . in an attempt to collect on a disputed financial figure that is a material issue . . . which must be adjudicated at trial, not through [m]otion [p]ractice and piecemeal litigation." CP at 792.

- Motion to compel (November 26, 2021). Despite a protective order excusing Highberg from responding to numerous interrogatories and requests for production, Stehrenberger filed this motion to compel responses to the same or

6

similar interrogatories and requests. Stehrenberger brought this motion pursuant to an amended complaint she filed without leave from the court, weeks after the court had admonished her for such litigative tactics.

Supporting Stehrenberger's motion was her argument that Highberg had waived his objections to her discovery requests by submitting his responses thereto on April 6, 2021, rather than by the April 5, 2021 deadline. However, Highberg's office had indeed responded by April 5, 2021. Because an attachment had failed, the office re-sent his responses on April 6, 2021.

On December 13, 2021, the trial court denied Stehrenberger's motion, finding that her discovery requests were "unreasonable, excessive, and intended to harass [Highberg]." CP at 787. The court found Stehrenberger's motion to be in bad faith. Citing CR 36(a), the court allowed Highberg's April 6 discovery responses to remain as submitted.

Additionally, the trial court's order noted that Stehrenberger was "on notice" that "it is improper to attempt to resolve the already contested facts of this case through 'motion practice and piecemeal litigation.' [Stehrenberger] continues to file motions seeking judgments on disputed facts . . . which needlessly increases [Highberg's] cost of litigation." CP at 789.

Under CR 37(a)(4), the trial court ordered Stehrenberger to pay

Highberg the attorney fees he had incurred in responding to her failed motion.

To calculate those fees, the court solicited a detailed lodestar analysis from

Highberg.

- <u>Motion for partial summary judgment on breach of contract, accounts
receivable, conversion, and alter ego claims (December 16, 2021)</u>.
Notwithstanding the trial court's December 13, 2021 admonition against
"seeking judgments on disputed facts," Stehrenberger three days later filed a
motion for partial summary judgment on four of her claims.[3] Underpinning
Stehrenberger's motion was the assertion that Highberg's June 14, 2015 e-mail
constituted an admission of all material facts supporting those claims.

The trial court denied Stehrenberger's motion, finding that she had

filed the motion "in direct and purposeful violation of the [c]ourt's prior

orders." CP at 781. The court reiterated that material facts remained in

dispute. As to Stehrenberger's alter ego claim, the court declined to enter

judgment as the claim was not yet ripe for consideration.

---

[3] The record includes Stehrenberger's December 28, 2021 amended motion for partial summary judgment. However, Stehrenberger does not dispute the trial court's finding that she filed her initial motion on December 16, 2021.

In addition to denying Stehrenberger's motion, the court entered a

CR 11 sanction against her, awarding Highberg $3,000 in attorney fees.

*Highberg's summary judgment motion*

In late December 2021, Highberg moved for summary judgment dismissal of all

claims, yet confined his analysis to whether the compensation agreement was an oral or a

written agreement, and, if oral, whether recovery on a contract or unjust enrichment

theory was barred by the applicable three-year statute of limitations. Highberg did

not discuss any of Stehrenberger's other claims, including those with lengthier statutes

of limitations. On January 24, 2022, the trial court granted Highberg's summary

judgment motion. In its written order, the court concluded that Stehrenberger's cause of

action (singular) arose from an oral agreement, and was therefore time barred by

RCW 4.16.080(3)'s three-year limitation period. The court dismissed the claim

(singular) with prejudice.

Stehrenberger appeals.

ANALYSIS

Stehrenberger appeals the trial court's order granting Highberg summary

judgment, the corresponding judgment, its denial of her motion for partial summary

judgment, its order denying her motion to compel discovery, its order declining to declare

9

the existence of an attorney-client relationship, and its order granting Highberg a protective order.

Both parties treat this appeal as one of a final judgment. It is not. Stehrenberger asserted 14 causes of action, Highberg's motion for summary judgment discussed two, and the trial court's order granted dismissal of one—Stehrenberger's breach of contract claim. A summary judgment order that disposes of less than all claims is subject only to discretionary review. RAP 2.2(d).

RAP 2.3(b) sets forth the consideration of our granting discretionary review. Applicable here is RAP 2.3(b)(2), which allows discretionary review when "[t]he superior court has committed probable error and the decision . . . substantially alters the status quo." Here, the gravamen of Stehrenberger's 48-page amended complaint is for breach of contract. For the reasons discussed below, we conclude the trial court committed probable error that substantially altered the status quo when it summarily dismissed Stehrenberger's contract claim.

A. SUMMARY JUDGMENT

Stehrenberger argues the trial court erred by granting Highberg summary judgment because the statute of limitations governing her contract claim was six years, not three. She argues that even if the applicable limitation period was three years,

various extensions brought her claims within that period. We agree with her second argument.

*Standard of review*

We review summary judgment orders de novo. *Herring v. Texaco, Inc.*, 161 Wn.2d 189, 194, 165 P.3d 4 (2007). "We will not resolve factual issues, but rather must determine if a genuine issue as to any material fact exists." *In the Matter of the Est. of Black*, 153 Wn.2d 152, 160, 102 P.3d 796 (2004). "The moving party has the burden of proving there is no genuine issue of material fact and all inferences are construed in the light most favorable to the nonmoving party." *Id.* at 160-61. "Only where there is no genuine issue of material fact and reasonable people could reach 'but one conclusion' from all of the evidence is summary judgment appropriate." *Id.* at 161 (quoting *Barrie v. Hosts of Am., Inc.*, 94 Wn.2d 640, 642, 618 P.2d 96 (1980)).

*Breach of contract*

A plaintiff alleging breach of written contract must bring their claim within six years, whereas a plaintiff alleging breach of oral contract must bring their claim within three years. RCW 4.16.040(1), .080(3). A writing constitutes a written contract only if it contains "all the essential elements of [an agreement], including the subject matter, the parties, the terms and conditions, and the price or consideration." *Smith v. Skone & Connors Produce, Inc.*, 107 Wn. App. 199, 206, 26 P.3d 981 (2001).

11

Here, the trial court properly determined that Highberg's admission of debt to Stehrenberger in his June 14, 2015 e-mail did not, as a matter of law, constitute a written contract. Among other deficiencies, the e-mail lacked terms or conditions for performance or payment. *Smith*, 107 Wn. App. at 206. Accordingly, the compensation agreement between Highberg and Stehrenberger was an oral agreement. The trial court correctly concluded that the limitation period for Stehrenberger's contract claim was three years.

The record does not identify a specific date of the contract's breach. Nevertheless, Highberg made several partial payments toward the debt, the last one on or around July 18, 2016. A partial payment on a contract, made after the payment is due but before the limitation period expires, recommences the limitation period. RCW 4.16.270. Thus, the three-year limitation period commenced on July 18, 2016.

Highberg responds that there is no evidence that the July 18, 2016 payment was toward the purported agreement. We disagree. Stehrenberger asserts that it was, and for purposes of reviewing whether her contract claim was properly dismissed on summary judgment, we treat her assertion as true.

Stehrenberger filed her complaint on July 18, 2019, which was three years and one day after her cause of action commenced. Her otherwise late filing is timely, however, by application of a tolling rule applicable to Highberg's bankruptcy.

12

Highberg filed bankruptcy on May 6, 2019, prior to the expiration of Stehrenberger's three-year breach of contract claim. Highberg then withdrew his petition on June 19, 2019. 11 U.S.C. § 108(c)(2) tolls the statute of limitations until 30 days after the creditor receives notice of the termination of the bankruptcy stay. *Accord Hazel v. Van Beek*, 135 Wn.2d 45, 65, 954 P.2d 1301 (1998). The record is silent as to when Stehrenberger received notice of the termination of Highberg's bankruptcy stay. But the earliest she could have received notice was June 19, 2019. Stehrenberger had 30 days from that date to file her contract claim. Thus, her July 18, 2019 filing was timely. We conclude the trial court committed probable error when it summarily dismissed Stehrenberger's breach of contract claim. We additionally direct the trial court to vacate its previous judgment relating to the motion.

B.      VARIOUS APPEALED ORDERS NOT REVIEWABLE

Stehrenberger additionally appeals the trial court's order denying her motion for partial summary judgment and various discovery and sanctions orders. We have reviewed these orders and are of the opinion that none meet the "probable error" standard for granting discretionary review. We decline to review these interlocutory orders.

No. 38775-5-III
*Stehrenberger v. Highberg*


A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Lawrence-Berrey, C.J.

WE CONCUR:


_____        _____
Pennell, J.                            Staab, J.