**FILED**
**MAY 14, 2024**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| NUMERICA CREDIT UNION, | ) | No. 39622-3-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| ROBERT I. SNELL and ASHLEY | ) | |
| R. SNELL, husband and wife, | ) | |
| | ) | |
| Appellants. | ) | |

LAWRENCE-BERREY, C.J. — Ashley and Robert Snell appeal the trial court's order granting summary judgment in favor of Numerica Credit Union. The Snells contend the trial court erred by (1) concluding they violated the written loan agreements, and (2) including some items and not excluding others in the judgment. We disagree with the first argument, do not review the newly raised second argument, affirm the trial court, and award Numerica its reasonable attorney fees and costs on appeal.

FACTS

In November 2017, Ashley and Robert Snell entered into two written loan agreements with Numerica Credit Union (Numerica). Under the terms of the first loan agreement, Numerica loaned the Snells $11,113.53, which the Snells agreed to repay in

69 monthly installments. The Snells agreed to secure the first loan with their travel trailer as collateral until they repaid the total loan with interest.

Under the terms of the second loan agreement, Numerica loaned the Snells $12,522.93, which the Snells agreed to repay in 52 monthly installments. The Snells agreed to secure the second loan with their 2013 Nissan Altima as collateral until they repaid the total loan with interest.

If the Snells missed a monthly payment, both loan agreements contained terms that permitted Numerica, without notice, to declare the Snells in default, and at Numerica's option, to require the Snells to immediately deliver the collateral to it. Both loan agreements also allowed Numerica to recover its reasonable attorney fees and costs in the event of default or a lawsuit to collect.

In May 2018, the Snells entered into a third loan agreement with Numerica. Under the terms of this loan agreement, Numerica loaned the Snells $10,000, which the Snells agreed to repay in 60 monthly installments. Numerica did not secure this loan with collateral. This loan agreement allowed Numerica to accelerate the balance due if the Snells missed a monthly payment. It also permitted Numerica to recover its reasonable attorney fees and costs in the event of default or a lawsuit to collect.

In September 2020, the Snells failed to make the monthly payment on all three loans. Numerica sent the Snells notices of default for each of the loans. The notices

warned the Snells that if Numerica did not receive payment within 10 days, it would pursue collection remedies, including repossession of their vehicles.

The Snells failed to make the required payments and, on November 18, 2020, Numerica repossessed and ultimately sold the travel trailer and car. After Numerica applied the sale proceeds to the remaining loan balances, minus certain expenses for repossession costs, the Snells still owed $3,707.21 on the first loan and $5,570.08 on the second loan as of July 2022. Numerica also accelerated the balance of the third loan, resulting in the Snells owing the total balance, including interest, of $8,012.68 as of July 2022.

*Procedure*

On August 31, 2022, Numerica filed a summons and complaint against the Snells in the Walla Walla County Superior Court. Numerica effected service on the Snells on September 16, 2022.

The summons advised the Snells that failure to respond to the complaint by serving an answer on their attorney within 20 days after service of the summons could result in entry of a default judgment. The complaint alleged that the Snells owed deficiency balances on the first two loans, an accelerated amount on the third loan, and despite demand, had failed to pay the balances. Numerica requested the court enter

judgment against the Snells for the balances owed, plus interest, plus its reasonable attorney fees and costs.

On October 12, 2022, having not received an answer from the Snells, Numerica filed a motion for an order of default and default judgment. The following day, Ms. Snell filed a pro se notice of appearance. On October 21, 2022, Ms. Snell filed an answer. Apparently, Ms. Snell failed to serve either her notice of appearance or her answer on Numerica's lawyer, as instructed in the summons.

In her answer, Ms. Snell asserted she had elected "Life, Disability, & Unemployment" payment protection coverage on the loans that allowed her to defer payments for 90 days if a qualifying event occurred. Clerk's Papers (CP) at 26. She claimed she experienced a qualifying event due to a pregnancy complication and indicated she was granted 18 weeks of short-term disability from the State.

She attached an e-mail chain to her answer. In an October 1, 2020 e-mail, she told a Numerica collection employee that her disability approval letters were delayed due to COVID-19. She acknowledged not making payments on the loans. In an October 2, 2020 e-mail, a Numerica employee responded that her situation qualified for the payment protection coverage, but that he would need the disability approval letter before he could file the claim for the payment protection coverage.

4

Ms. Snell also attached to her answer copies of her disability approval letters from the Washington State Employment Security Department, dated October 28, 2020, and November 6, 2020. The October 28 letter shows that her short-term disability coverage was approved and backdated to begin on September 1, 2020. However, Ms. Snell did not assert in her answer (or anytime later) that she had provided either approval letter to Numerica or its collections employee.

On October 24, 2022, the trial court entered an order denying Numerica's motion for default. The order reflects that counsel for Numerica appeared virtually, that Ms. Snell appeared in person, and that the order was denied because Ms. Snell had filed an answer. Because the hearing went forward, we infer that counsel for Numerica had not received notice that Ms. Snell had, three days earlier, filed her answer.

Numerica then filed a motion for summary judgment. In its supportive memorandum, Numerica argued the Snells (1) acknowledged and are bound by the loan agreements, and (2) failed to raise any meritorious defenses to enforcement and relied on inadmissible hearsay evidence. Numerica emphasized that the Snells had not provided the disability approval letters to it and, because of this, were still required to comply with the payment terms of the loan agreements. Numerica also requested its reasonable attorney fees and costs under the terms of the loan agreements. The Snells did not file any response to Numerica's motion.

One month later, the trial court held a hearing on Numerica's motion. Numerica argued it was entitled to judgment as a matter of law because the Snells defaulted on each of their three loan agreements. Ms. Snell orally responded that she and her husband should have been able to utilize the disability payment protection coverage and stated she had filed the disability approval letters with her answer. Numerica replied that the Snells failed to submit any evidence they had provided those approval letters to it so it could process the disability request, and the Snell's failure to submit such evidence required the court to grant its motion.

The court orally granted Numerica's motion and later entered its summary judgment order, which awarded Numerica judgment on the three balances, plus interest, costs, and reasonable attorney fees.

The Snells timely appealed.

ANALYSIS

A.    SUMMARY JUDGMENT

The Snells contend the trial court erred by entering summary judgment in favor of Numerica. We disagree.

On appeal of summary judgment, we review the record de novo, and perform the same inquiry as the trial court. *Martin v. Gonzaga Univ.*, 191 Wn.2d 712, 722, 425 P.3d 837 (2018) (quoting *Lybbert v. Grant County*, 141 Wn.2d 29, 34, 1 P.3d 1124 (2000)).

All facts and reasonable inferences are considered in a light most favorable to the nonmoving party. *Berger v. Sonneland*, 144 Wn.2d 91, 102-03, 26 P.3d 257 (2001).

Summary judgment is appropriate only when there are no disputed issues of material fact and the prevailing party is entitled to judgment as a matter of law. CR 56(c). A fact is material when the outcome of the litigation depends on it, in whole or in part. *Atherton Condo. Apartment-Owners Ass'n Bd. of Dirs. v. Blume Dev. Co.*, 115 Wn.2d 506, 516, 799 P.2d 250 (1990). "If the moving party satisfies its burden, the nonmoving party must present evidence that demonstrates that material facts are in dispute." *Id.* In demonstrating the existence of a material fact, the nonmoving party may not rely on mere allegations, but the response must set forth specific facts showing that there is a genuine issue for trial. CR 56(e).

The Snells argue that Numerica violated the loan agreement by not allowing them to utilize their disability payment protection coverage. They point to the backdated disability approval letter attached to their answer as evidence that Numerica should have allowed them to use their coverage. Numerica contends the Snells failed to show that they sent it a copy of the disability approval letters prior to its repossession of their

vehicles and therefore failed to raise a disputed issue of material fact.[1] We agree with Numerica.

Viewing the evidence in the light most favorable to the Snells, they failed to establish they provided the disability approval letters to Numerica prior to repossession of their vehicles. It is uncontested that the Numerica collections employee directed Ms. Snell to provide him the disability approval letters, because, without them, he could not process the disability application.

The Snells argue that Numerica had an obligation not to declare a default, but to await the promised letters. The Snells fail to show where, in the written agreements or correspondence, such an obligation can be found. Moreover, Ms. Snell had both letters prior to Numerica repossessing the collateral. The Snells offer no excuse for their failure to promptly provide the disability approval letters to Numerica.

---

[1] Numerica also argues that the e-mail correspondence Ms. Snell attached to her answer is inadmissible hearsay evidence that the trial court was not required to consider on summary judgment. Numerica is correct. Hearsay is not competent evidence under CR 56(e), and such evidence need not be considered on a party's motion for summary judgment. *See Charbonneau v. Wilbur Ellis Co.*, 9 Wn. App. 474, 477, 512 P.2d 1126 (1973) (citing *Meadows v. Grant's Auto Brokers, Inc.*, 71 Wn.2d 874, 878, 431 P.2d 216 (1967)). However, it is unclear as to what extent the trial court considered or relied on the e-mail correspondence when deciding to grant summary judgment. Because the record supports the trial court's decision irrespective of the e-mail correspondence, we need not analyze this argument further.

Citing RCW 48.18.540,[2] the Snells contend Numerica should have notified them that their disability payment protection coverage was cancelled. That statute has no application here because Numerica did not cancel the disability policy. Rather, Numerica did not process the disability claim because the Snells failed to provide it the disability approval letters. We conclude that the trial court properly granted Numerica summary judgment.

B.      JUDGMENT AMOUNT

The Snells contend the trial court erred by awarding Numerica an amount that (1) included its attorney fees for its unsuccessful default motion, and (2) failed to exclude the insurance premiums refunded to Numerica.[3] We decline to address these issues.

We generally will not consider issues raised for the first time on appeal. RAP 2.5(a). The policy supporting this rule is to permit the trial court an opportunity to address an issue before it becomes an error on appeal, so as to promote the important

---

[2] RCW 48.18.540 provides: "Every insurer upon canceling, denying, or refusing to renew any disability policy, shall, upon written request, directly notify in writing the applicant or insured, as the case may be, of the reasons for the action by the insurer and to any person covered under a group contract."

[3] Numerica's notice to the Snells before selling their vehicles, stated in part: "Please note, any . . . disability insurance . . . purchased at the time of the loan will be cancelled at this time and any premium refund will be applied to your obligations with us until paid in full." CP at 78, 87.

policies of judicial economy and finality. *Wilcox v. Basehore*, 187 Wn.2d 772, 788, 389 P.3d 531 (2017).

Here, the Snells failed to inform the trial court of these two potential errors. Had they raised the attorney fee issue below, the trial court could have explained why it believed the time spent by Numerica in its unsuccessful default motion was reasonable or not, and thus allowable or not under the parties' loan agreements. Had they raised the credit issue, the trial court would have given Numerica the opportunity to address the issue, including determining what if any insurance refunds it received. Regardless, judicial economy and finality justify our decision to apply the general rule and not address the untimely arguments.

C.     ATTORNEY FEES ON APPEAL

Numerica requests we award it reasonable attorney fees and costs on appeal pursuant to the loan agreements and RAP 18.1.

RAP 18.1 authorizes a party to recover reasonable attorney fees and costs if applicable law grants the right to recover attorney fees and costs, and if the party makes its request in a separate section of their opening brief. Here, the parties' loan agreements permit Numerica to recover its reasonable attorney fees and costs if it files suit to collect unpaid balances. Because of this, and because it complied with RAP 18.1, we grant Numerica its reasonable attorney fees and costs on appeal.

No. 39622-3-III
*Numerica Credit Union v. Snell*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Lawrence-Berrey, C.J.

WE CONCUR:

_____          _____
Fearing, J.                                                    Pennell, J.

11